*In re* MARRIAGE OF DANIEL SCHWEIHS, Petitioner-Appellant, and MELINDA SCHWEIHS, Respondent-Appellee (Liberty Federal Savings Bank, Third-Party Defendant-Appellant).

First District (5th Division) 1—90—2462

Opinion filed December 13, 1991.

Rock, Fusco, Reynolds & Garvey, Ltd., of Chicago (Francis J. Pendergast III, of counsel), for appellant Liberty Federal Savings Bank.

Davis, Friedman, Zavett, Kane & MacRae, of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Melinda Schweihs and Daniel Schweihs each filed petitions for dissolution of marriage in the circuit court of Cook County, Illinois. These cases were consolidated on November 7, 1989.

On July 15, 1986, the Schweihses, as husband and wife, executed a mortgage to Liberty Federal Savings and Loan Association, now known as Liberty Federal Savings Bank (Liberty), of their marital residence at 353 Melrose, Kenilworth, Illinois, to secure a $255,000 note, which had been signed by them. Liberty holds a first lien mortgage on their marital residence.

As of July 24, 1990, the Schweihses were joint tenants of their marital residence and Melinda Schweihs, a homemaker, lived there with her two children. Also as of that date, the Schweihses had failed to make their monthly mortgage payments for the months of May, June and July of 1990 to Liberty, including that portion to be applied towards an escrow to cover real estate taxes.

On July 17, 1990, Liberty issued a notice to the Schweihses stating that if the current monetary default of approximately $9,000 was not cured promptly, the mortgage loan would be accelerated and foreclosure proceedings would be initiated. Thereafter, Liberty was served with an emergency notice of motion by Melinda Schweihs to add Liberty as a third-party defendant to the consolidated dissolution case and her petition for a preliminary injunction.

Counsel for Liberty and Melinda Schweihs appeared at a hearing on July 24, 1990, at which time the trial court, over Liberty's objection, added Liberty as a third-party defendant to the dissolution proceeding and entered a 10-day temporary restraining order enjoining Liberty from foreclosing on the Schweihses' marital residence.

Subsequently Melinda Schweihs served upon Liberty a motion for preliminary injunction and Liberty responded by serving notice on all parties of its motion to dissolve the temporary restraining order. A hearing was held on these motions on August 3, 1990, at

which time the court granted Melinda Schweihs' motion for a preliminary injunction against Liberty and enjoined Liberty from instituting a mortgage foreclosure action against the Schweihses. For the following reasons, we affirm.

The trial court was authorized to join a mortgagee of marital property threatening foreclosure as a party to the mortgagor's dissolution proceeding and to enjoin the mortgagee from initiating a foreclosure proceeding in a different division of the circuit court of Cook County in aid of its own jurisdiction so that the interests of all parties in the property may be adjudicated in one proceeding.

■■ The circuit court of Cook County domestic relations division had jurisdiction over the Schweihses and their marital property as a result of the pending dissolution of marriage proceeding. We presume that the marital property will be distributed pursuant to section 503(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503(b)) so as to avoid the impairment of any contractual obligations owed to third parties who are not parties to the dissolution proceedings. (*Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 574, 376 N.E.2d 1382, 1387.) Marital property is subject to distribution within those limitations set by laws governing transfers, assignments and conveyances of such property. *Kujawinski*, 71 Ill. 2d at 574, 376 N.E.2d at 1387.

■ Circuit courts have various divisions such as probate and domestic relations, but those divisions are not jurisdictional. (*Higgins v. Stockman* (1983), 111 Ill. App. 3d 457, 444 N.E.2d 192.) The following cases illustrate this principle.

*In re Marriage of Wojcicki* (1985), 135 Ill. App. 3d 248, 481 N.E.2d 939, involved a dissolution of marriage proceeding in which appellee wife was required to quitclaim her interests in certain properties to appellant husband. The trial court's ruling was upheld on appeal by the appellate court, and the supreme court denied leave to appeal. When the husband brought post-trial proceedings to compel the wife to quitclaim the properties, she filed a partition action in the chancery division of the circuit court regarding the properties. Summary judgment was granted in favor of the husband in the partition action based on that court's belief that it was bound by the dissolution court's factual finding as affirmed on appeal with respect to the ownership of the property. In affirming the propriety of this ruling the appellate court stated:

> "[D]ivisons of the circuit court have equal and concurrent subject matter jurisdiction and '[w]here two actions between the same parties, on the same subject, and to test the same

rights, are brought in different courts in Illinois having concurrent jurisdiction, the court which first acquired jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the entire controversy to the exclusion of all coordinate courts.' [Citations.] *** [A] trial judge in the domestic relations division of the circuit court constitutionally has jurisdiction to hear all justiciable matters. [Citations.] ***

***

*** [W]e affirm the chancery court's judgment granting summary judgment in favor of respondent [husband] in the partition action." *Wojcicki*, 135 Ill. App. 3d at 251, 253.

Similarly in *In re Estate of Jeziorski* (1987), 162 Ill. App. 3d 1057, 516 N.E.2d 422, plaintiffs filed an action in the probate division of the circuit court of Cook County to contest the validity of a decedent's will and for tortious interference with an expectancy. The trial court in the probate division granted defendants' motion to strike the tortious interference action stating that "a complaint for malicious interference properly belongs in the law division." (*Jeziorski*, 162 Ill. App. 3d at 1060, 516 N.E.2d at 434.) Thereafter plaintiffs filed their tort action for malicious interference in the law division of the circuit court and subsequently moved in the probate division to vacate the order striking the malicious interference count and seeking to transfer that action to the law division. The probate court denied this motion. Thereafter, defendants filed a motion to strike plaintiffs' malicious interference action in the law division and the court granted this motion on the *res judicata* effect of the dismissal order in the probate division. On appeal the reviewing court reversed the judgment of the probate court dismissing the tort claims of plaintiffs and remanded the cause to the probate division with directions that plaintiffs proceed there with both the probate and tort counts of their complaint.

The court stated:

"In the action before us, the plaintiffs have complied with both the Probate Act and the Code of Civil Procedure by pleading in the alternative their tort causes of action against defendants for intentional interference with an expectancy and abuse of a confidential relationship. Yet the plaintiffs have been left without a forum ***. It is our opinion, consistent with the procedural rules, that litigation of this nature should not be pled in separate complaints and plaintiffs

should be allowed to proceed in the probate division on all counts in their complaint. ***

* * *

*** [T]he probate court is a court of general jurisdiction and, as such, can hear other issues including tort claims. [Citations.] *** By allowing plaintiffs an opportunity during the probate proceedings to be heard and present evidence regarding tort actions, a further collateral attack on the probate decree in a later tort action in the law division would not be required. The trial court can hear all the evidence in one proceeding. We do not believe it is necessary for plaintiffs to exhaust their probate remedies before bringing an action in tort." *Jeziorski,* 162 Ill. App. 3d at 1063, 1064, 516 N.E.2d at 427.

■ The court which first acquires jurisdiction may protect it by enjoining pursuit of related litigation in other courts of coordinate jurisdiction. In *In re Marriage of Baltzer* (1986), 150 Ill. App. 3d 890, 502 N.E.2d 459, attorney Birndorf represented Mrs. Baltzer in a dissolution proceeding pending in the circuit court of Du Page County and in connection therewith had filed a petition therein for attorney fees. At some point Birndorf withdrew as her attorney and subsequently filed a complaint in the circuit court of Cook County against her seeking recovery of fees claimed for legal services rendered to Mrs. Baltzer in the Du Page County dissolution case.

Mrs. Baltzer, represented by new counsel, filed a motion in the Du Page County proceedings for an order striking the Cook County proceedings, or in the alternative, for an order requiring Birndorf to pursue his action for fees in the Du Page County proceedings. Birndorf entered a special and limited appearance *pro se* and filed a motion to quash Mrs. Baltzer's motion on the grounds that (1) the Du Page County court lacked jurisdiction over him because he was not a party to the dissolution case and (2) he was not required to seek fees from his former client in that litigation. The trial court denied the motion to quash and entered an order directing Birndorf to dismiss the action he had filed for fees in Cook County.

The appellate court affirmed on the ground that the Du Page County court had retained personal jurisdiction over Birndorf to resolve the issue of fees sought in the petition he filed in that court as a party in interest.

It further observed:

"In the present case, the dissolution proceeding, and the unresolved petition for attorney fees filed by Birndorf therein,

were still pending in the Circuit Court of Du Page County when he brought the new action for his fees against his former client in the circuit court of Cook County.

The orderly administration of justice does not permit one court of this State to ignore an action pending in another court of this State. [Citation.] *** A court has the power, if not the duty, to protect its prior rights to jurisdiction over a controversy and for that purpose may issue an injunction restraining persons from proceeding in other courts. [Citations.] *** If a determination of the reasonableness of a request for attorney fees were to be heard in another court and *venue*, as sought here, it may well require the use of the court records in the pending dissolution proceeding for consideration in a separate fee action and cause an unwarranted disruption of the judicial process. It would also appear to be an unnecessary impediment to judicial economy to require a second judge to acquire the knowledge of the proceedings in the dissolution action already known to the judge who has heard it." *Baltzer*, 150 Ill. App. 3d at 895-96, 502 N.E.2d at 463-64.

The above-mentioned considerations pertain as validly to the administrative problem of parallel actions pending in different administrative divisions of a circuit court as they do to parallel actions pending in courts of co-equal jurisdiction in different counties of the State.

*In re Marriage of Peshek* (1980), 89 Ill. App. 3d 959, 412 N.E.2d 698, is particularly pertinent to the resolution of the case at bar. In *Peshek,* wife brought suit to dissolve her marriage in the circuit court of Cook County. Husband sought leave to file a third-party action against the wife's parents and Amalgamated Trust and Savings Bank as trustee. The husband's complaint alleged that he and his wife had purchased a lot in Barrington and had built a home thereon with a present value of $300,000. The third-party complaint further alleged that the wife's parents were to hold the property in trust to secure sums of money that the parents had advanced the parties.

The trial court denied the husband's motion to file his third-party complaint with the suggestion that the suit be filed in the chancery division. The husband filed suit in the chancery division and the divorce court then proceeded to adjudicate the issues between the parties without regard to the Barrington property.

On appeal the husband contended that the trial court erred in denying him leave to file his third-party complaint because neither the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 1 *et seq.*) nor the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) prohibits such action and that section 503(c) of the latter act requires the trial court to divide all the parties' marital property in just proportion.

On review the appellate court agreed with the husband's position. The reviewing court noted that while the Illinois Marriage and Dissolution of Marriage Act makes no provision for the filing of a third-party action during a dissolution proceeding to determine the parties' right in alleged marital property held by a third person, it determined that such authority existed under the Civil Practice Act. Ill. Rev. Stat. 1977, ch. 110, par. 25.

■ Section 25 provided in pertinent part:

"(1) If a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in. If a person, not a party, has an interest or title which the judgment may affect, the court, on application, shall direct him to be made a party." (Ill. Rev. Stat. 1977, ch. 110, par. 75.)

■ A party is necessary to a full determination of the issues if he is:

"one whose presence in the suit is required for any of three reasons: (1) to protect an interest which the absentee has in the subject matter of the controversy which would be materially affected by the judgment entered in his absence [citations]; (2) to reach a decision which will protect the interests of those who are before the court [citations]; or (3) to enable the court to make a complete determination of the controversy [citation]." *Lerner v. Zipperman* (1979), 69 Ill. App. 3d 620, 623, 387 N.E.2d 946, 949.

■ Applying the above-stated principles to the facts of the case in *Peshek*, the reviewing court observed:

"[O]ur courts *** operate in a unified court system with original jurisdiction of all justiciable matters. [Citations.] *** [A] trial court judge in the domestic relations division of the circuit court has jurisdiction to hear all issues which are justiciable in nature. [Citations].

The allocation of judicial responsibility to various divisions of the circuit court does not reflect any constitutional barriers to jurisdiction but rather only administrative convenience.

[Citations.] As such, divisions of the circuit court have equal and concurrent subject matter jurisdiction. [Citations.]" *Peshek*, 89 Ill. App. 3d at 967, 412 N.E.2d at 704.

Finally the court stated:

"It is unclear from the record whether the trial court denied the respondent's [husband's] motion based on the misconception that the parties stipulated that the court could ignore the Barrington property in making its various awards or whether the court was motivated by administrative convenience in denying respondent's motion for leave to file his third-party complaint. *** [I]f the convenience factor did, in fact, affect the trial court's decision, it should not have been a deciding factor. We believe that the trial court should have entertained the respondent's motion to file a third-party complaint and granted a full and complete hearing in the dissolution proceeding as to the ascertainment of the parties' marital assets including the Barrington property. This approach avoids piecemeal litigation and would, therefore, appear to be consistent with the unified court system now in existence in Illinois." *Peshek*, 89 Ill. App. 3d at 968, 412 N.E.2d at 705.

■ The principles enunciated in *Peshek* are determinative of the case at bar. There is no dispute that the Schweihses' marital residence in which Melinda Schweihs and her two minor children currently reside is marital property subject to disposition under section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503). Petitioner has a valid first mortgage on the premises to secure a note executed by the parties. Further, the mortgage payments were in arrears and at the time Liberty was made a party to the dissolution proceeding it had sent a letter to Melinda Schweihs threatening to foreclose due to the payment default. In allowing Melinda Schweihs to enjoin Liberty from instituting a foreclosure action in another division of the court, the trial court judge in the domestic relations division of the court has not deprived Liberty of a cause of action and a forum, but, rather, has provided it. The only action Liberty was prohibited from taking was the initiation of a separate foreclosure suit in a different division of the circuit court of Cook County. The trial court in the domestic relations division already had jurisdiction of the Schweihses and the property pursuant to the dissolution action. By allowing the joinder of Liberty in that action, the court acted to preserve the marital asset and the Schweihses' equity in it while at

the same time providing a forum for Liberty to seek relief from any impairment of its security interest by the mortgage payment default. In fact, the record reveals that the trial judge suggested that Liberty bring its concerns before the court by appropriate motion or pleading. In this way the court was avoiding piecemeal litigation and was in a position to deal with the property in question in a manner most equitable to all parties concerned. The facts of the instant case and the principles enunciated in the *Peshek* case set forth above demonstrate that the joinder of Liberty and the issuance of an injunction were proper.

Accordingly, we affirm the ruling of the trial court.

Affirmed.

LORENZ, P.J., and MURRAY, J., concur.