*In re* MARRIAGE OF MADELINE ELLIOTT, Petitioner, and ROBERT EL-LIOTT, Respondent (Foster Mortgage Corporation, Plaintiff-Appellant; Robert Elliott *et al.*, Defendants-Appellees).

First District (2nd Division)   No. 1—93—0530

Opinion filed August 2, 1994.—Rehearing denied July 28, 1994.

SCARIANO, J., dissenting.

Codilis & Associates, P.C., of Darien (William A. McAlister, of counsel), and Harold I. Levine, Ltd., of Chicago (Samuel H. Levine, of counsel), for appellant.

Robert Elliott and Madeline Elliott, appellees *pro se.*

JUSTICE McCORMICK delivered the opinion of the court:

This is an interlocutory appeal, pursuant to Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)), from the grant of an injunction against Foster Mortgage Corporation (mortgagee). The mortgagee contends that the trial court abused its discretion because the injunction improperly deprived the mortgagee of a forum for determination of the contractual obligation due from Madeline Elliott and Robert Elliott (mortgagors). We find merit in the mortgagee's contention and vacate the injunction.

Madeline Elliott and Robert Elliott were parties to a petition for dissolution of marriage pending in the domestic relations division of the circuit court of Cook County. Included among the marital property of the Elliotts was their residence encumbered by a mortgage in favor of the mortgagee. Subsequently, the mortgagee filed a mortgage foreclosure action in the chancery division of the circuit court of Cook County. The mortgage foreclosure complaint alleged a delinquency in the payment of monthly installments of principal, taxes, interest and insurance premiums. Madeline Elliott successfully petitioned the trial court to consolidate the mortgage foreclosure action into the dissolution action. Thereafter, the trial court enjoined the mortgagee from "proceeding with its mortgage foreclosure *** against the property *** pending disposition of all issues and final disposition of" the dissolution matter. At the time the court entered this order, the mortgagors were 13 months in arrears in their

mortgage payments and had failed to answer the mortgage foreclosure complaint.

The mortgagee appeals pursuant to Supreme Court Rule 307(a)(1), which authorizes interlocutory appeals from injunctive orders. Since the order restrains the mortgagee from exercising his legal rights under the mortgage, it is an appealable injunction. (See *In re A Minor* (1989), 127 Ill. 2d 247, 261, 537 N.E.2d 292.) The court did not purport to decide the parties' rights under the mortgage, and the court's order, which was to remain in effect until final disposition of the divorce action, was of sufficient duration to qualify as a preliminary injunction rather than a temporary restraining order. See *Murges v. Bowman* (1993), 254 Ill. App. 3d 1071, 1080, 627 N.E.2d 330.

●1 The essence of the mortgagee's contention is that the trial court abused its discretion by preliminarily enjoining the mortgagee from foreclosing on the mortgage. The trial court had authority to enter a preliminary injunction to preserve and protect the interests of the parties in the marital property. (*In re Marriage of Schweihs* (1991), 222 Ill. App. 3d 887, 584 N.E.2d 472.) The trial court may enjoin a party from pursuing a legal action "if further prosecution appears *** to cause undue interference with the progress" of another action. (*National Hockey League v. Intermart, Inc.* (1984), 127 Ill. App. 3d 1072, 1077, 470 N.E.2d 1.) Courts use the same standards for preliminarily enjoining legal actions as for other preliminary injunctions. (See *Eppers v. First National Bank* (1987), 151 Ill. App. 3d 902, 909-10, 503 N.E.2d 589.) Thus, the mortgagors seeking the injunction needed to establish that: (1) they had a right which needed protection; (2) they would suffer irreparable harm if mortgagee foreclosed; (3) they had no adequate remedy at law; and (4) they were likely to succeed on the merits. (*Cross Wood Products v. Suter* (1981), 97 Ill. App. 3d 282, 284, 422 N.E.2d 953.) "In addition, the court must conclude that the grant of the temporary relief outweighs any possible injury which the defendant might suffer by its issuance." *Suter*, 97 Ill. App. 3d at 284.

The injunction here permitted the mortgagors to continue efforts to sell their home on the open market rather than forcing them to sell in the foreclosure proceeding, so the order improved the mortgagors' chances of salvaging their equity in the property. However, the court made no provision for the payments of ongoing obligations accruing to the mortgagee. Nor did the trial court require mortgagors to post bond to assure the availability of adequate funds to cover their debt if the property's value decreased or if the mortgagors' ever-increasing debt to the mortgagee surpassed the value of the property. The injunction effectively provides no protection for the mortgagee's interest in the property.

●2 The trial court could reasonably exercise its discretion in favor of maintaining the status quo, absent a threat to the interest of a party, if the sale of the property is thought to be immediately forthcoming. In such a case, the possible loss for the mortgagors of a substantial part of the value of the property, through a forced sale in foreclosure, could outweigh the mortgagee's loss from a brief delay in obtaining repayment. This criterion is not met in the case at bar because mortgagors have no real estate sales contract or other reasonable indicia of an imminent sale. Here, the mortgagors' interest in obtaining the best price for the property can no longer outweigh the injury to the mortgagee from the indefinite delay of its recovery for its loan.

When a court enjoins a mortgagee from proceeding with its foreclosure action, the injunction must embody some scheme or method of imposing a reasonable time limitation or otherwise protecting the mortgagee's interests. Requiring the mortgagee to wait for conclusion of the marriage dissolution proceedings is not reasonable. The entering of the injunction under the facts and circumstances of this case was an abuse of the trial court's discretion.

We hereby vacate the injunction and remand this matter to the circuit court of Cook County for further proceedings consistent with this opinion.

Reversed and remanded.

HARTMAN, J., concurs.

JUSTICE SCARIANO, dissenting:

While a petition for the dissolution of their marriage was pending in the circuit court, Madeline and Robert Elliott caused a suit to foreclose the mortgage on their marital home to be consolidated with the suit for dissolution, without objection by the mortgagee, Foster Mortgage Corporation. Soon thereafter, on the Elliotts' motion, the trial judge, sitting in the domestic relations division of the circuit court and before whom both causes were pending, ordered the mortgagee to be "enjoined from proceeding with its mortgage foreclosure proceeding *** against the property *** pending disposition of all issues and final disposition of" the dissolution matter. The mortgagee does not challenge the authority of the trial court to consolidate; it appeals only from the issuance of the injunction.

The court's authority to consolidate the two cases was recognized by the judge and the parties to be based on *In re Marriage of Schweihs* (1991), 222 Ill. App. 3d 887, 584 N.E.2d 472, in which it was

held that where a marital residence is subject to disposition in a pending dissolution proceeding and the mortgagee threatens to foreclose on the property, the trial court may properly add the mortgagee as a third-party defendant to the dissolution proceeding and the mortgagee can be enjoined from bringing a foreclosure action on the residence in another division of the circuit court. The rationale offered by the court in *Schweihs* was that it could act to preserve the marital asset and the parties' equity in it while at the same time providing a forum for the mortgagee to seek relief from the impairment of its security interest by the mortgagor's default. The *Schweihs* court relied heavily upon *In re Marriage of Peshek* (1980), 89 Ill. App. 3d 959, 412 N.E.2d 698, as authority.

The case at bar, however, presents us with a different situation than that which confronted the court in *Schweihs*. Here, the dissolution and the foreclosure matters were formally consolidated by order of the circuit court, thus causing both to be pending before the domestic relations judge who ordered the consolidation. I fail to perceive how the mortgagee could proceed in any way before any other division or judge of the circuit court; nor does the record show that it indicated in any manner that it was making, or even contemplating, any attempt to do so; indeed, neither in their "petition for temporary relief" nor in the hearing on that petition did the Elliotts even intimate that the mortgagee was seeking to proceed in any way with its foreclosure action.

In *Schweihs*, the mortgagee, over its objection, was made a third-party defendant to a dissolution proceeding after it had threatened to foreclose on a marital residence, and at the same time, the court entered a 10-day temporary restraining order enjoining the mortgagee from instituting foreclosure proceedings. When Mrs. Schweihs served notice on the mortgagee that she would move the court for a preliminary injunction, the mortgagee sought to dissolve the temporary restraining order. After a hearing, the court enjoined the mortgagee from instituting a foreclosure action, and the appellate court affirmed, holding the joinder and the injunction to be proper as being in aid of the court's jurisdiction "so that the interests of all parties in the property may be adjudicated in one proceeding." *Schweihs*, 222 Ill. App. 3d at 890, 584 N.E.2d at 473.

Here, however, the only forum in which the mortgagee could have proceeded with its action was before Judge Susan Snow, sitting in the domestic relations division where both the dissolution and the foreclosure matters were pending in one consolidated cause on her calendar. In effect, therefore, the trial court was unnecessarily "enjoining" the mortgagee from proceeding before the very same

judge who had complete control of both matters pending as a unitary cause, a circumstance which would hardly permit the mortgagee from taking any action unilaterally with its foreclosure case especially when one considers the reasons for consolidating it with the dissolution case and Judge Snow's concerns about permitting the mortgagee to proceed independently of the divorce part of the case.

It clearly appears that because an injunction was sought and obtained in *Schweihs*, the Elliotts felt that they had to follow the same course in order to come within the protection the court afforded the Schweihs, as is evidenced by the following statement made by Madeline Elliott's counsel at the hearing on the Elliotts' "petition for temporary relief": "We stand on the *Schweihs* case, which initially allowed the consolidation of this [*sic*], and allows your Honor the discretion to enter an order restraining the foreclosure from proceeding."

The trial judge in the instant case did not think her order could result in an interlocutory appeal, for in response to the mortgagee's counsel's statement at the same hearing that he had "no other choice but to take this up," she responded, "[y]ou can try, but I've been told in other appellate litigation that this isn't interlocutory ***. The other litigation is paramount, and I don't think that you are being enjoined ***. The request for an injunction is granted. It's a preliminary injunction. That's what it is. It is not just the issuance of injunctive relief that makes you interlocutory, sir, it's the resistance and ultimately civil contempt that may put you in a position with someone's jeopardy, someone's freedom in jeopardy. I don't know if that happens to corporations."

It is plainly evident, then, that all the trial judge thought she was doing was announcing her intention to resolve the property aspects of the dissolution case concomitantly with, if not before, the foreclosure matter. Such authority has generally been considered to be an "inherent power" of our courts, governed not by rule or statute but by the control necessarily vested in courts to manage their own dockets so as to achieve the orderly and expeditious disposition of cases (see generally *Link v. Wabash R.R. Co.* (1962), 370 U.S. 626, 8 L. Ed. 2d 734, 82 S. Ct. 1386). Issuance of an injunction, therefore, was entirely unnecessary. Injunctive relief is an extraordinary remedy requiring prudent application (see *Hopf v. Topcorp, Inc.* (1988), 170 Ill. App. 3d 85, 93, 527 N.E.2d 1, 5, *appeal denied* (1988), 122 Ill. 2d 575, 530 N.E.2d 245); consequently, unnecessary injunctions should not be ordered and, in so doing, the trial judge in the case at bar abused her discretion (*cf. Amalgamated Trust & Savings Bank v. Village of Glenview* (1981), 98 Ill. App. 3d 254, 264, 423 N.E.2d 1230,

1237 (trial judge properly dismissed complaint count seeking injunctive relief when such relief was unnecessary and of no value to the plaintiff)). However, inasmuch as we may invoke our authority to affirm the trial court upon any basis supported by the record (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9, 12), I would affirm the trial court's action, viewing the order not as an injunction, but as the exercise of the court's inherent authority to manage its docket, and acknowledging that the exercise of such authority will not be set aside except upon a showing of an abuse of discretion. The contrary course taken by the majority amounts to an impermissible substitution of the judgment of the reviewing court for that of the trial court in which such discretion properly resides (*Nicholson v. Chicago Bar Association* (1992), 233 Ill. App. 3d 1040, 599 N.E.2d 1132, *appeal denied* (1992), 147 Ill. 2d 629, 606 N.E.2d 1228).

Ironically, although the mortgagee complains throughout this proceeding in both the trial court and here that, among other things, the delay caused by not permitting it to proceed is causing a host of problems to it, financial and otherwise, it overlooks the fact that the pendency of its appeal has had the effect of depriving the circuit court of jurisdiction to take any further action with regard to the interlocutory order granting injunctive relief. (*Lindsey v. Board of Education* (1984), 127 Ill. App. 3d 413, 468 N.E.2d 1019; *Home Savings & Loan Association v. Samuel T. Isaac & Associates, Inc.* (1981), 99 Ill. App. 3d 795, 425 N.E.2d 985; *Payne v. Coates-Miller, Inc.* (1979), 68 Ill. App. 3d 601, 386 N.E.2d 398.) I have no doubt that this litigation would have moved more expeditiously had not there been such confusion on the part of both the court and the parties.

For the foregoing reasons, I respectfully dissent.