NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 220045-U

NO. 4-22-0045

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 15, 2022
Carla Bender
4th District Appellate
Court, IL

| | |
|---|---|
| CHERYL WOOD, | ) Appeal from the |
|     Plaintiff-Appellant, | ) Circuit Court of |
|     v. | ) Tazewell County |
| JUDITH K. HUNT and CITIZENS EQUITY FIRST | ) No. 20L59 |
| CREDIT UNION, | ) |
|     Defendants-Appellees. | ) Honorable |
| | ) Bruce P. Fehrenbacher, |
| | ) Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Knecht and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not err in granting defendants' motion to transfer venue to California.

¶ 2    On December 20, 2021, pursuant to section 2-104 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-104 (West 2020)), the circuit court granted defendants Judith K. Hunt and Citizens Equity First Credit Union's (CEFCU) motion to transfer venue to the Superior Court of the State of California for the County of San Bernadino. The court noted (1) the damage, if any, would have been suffered in California, (2) the real estate which was related to the allegations of plaintiff's complaint was in California, and (3) the existence of proceedings currently pending in California. Plaintiff Cheryl Wood appeals, raising one issue: whether the court committed error by transferring venue pursuant to section 2-104 of the Code. Finding no error, we affirm the judgment of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4        Wood is a resident of the State of California and the respondent in a divorce proceeding pending in the California Superior Court for San Bernadino County. On January 29, 2019, Wood filed a complaint in her divorce action against various parties seeking relief related to her ownership interest in real estate located in San Bernadino, California. On October 21, 2019, Wood amended the complaint to allege claims against defendants, Judith K. Hunt and her employer CEFCU. In short, she claimed defendants violated the Illinois Notary Public Act (Notary Act) (5 ILCS 312/1-101 *et seq.* (West 2018)) by notarizing her signature on an interspousal deed, thereby transferring the real property to her husband, without requiring Wood's presence. Wood admitted she signed the document, but she alleged the transfer was void because her husband secured her signature through duress. Defendants consented to the California court's jurisdiction, retained counsel, and participated in the proceedings.

¶ 5        The California court, after opening statements in a bench trial on the complaint in February 2020, entered judgment on May 19, 2020, against Wood and in favor of defendants because Wood's claims were barred by the California statute of limitations. Wood filed objections to the judgment, which the court overruled on August 11, 2020. Wood subsequently filed a motion to vacate the judgment or for a new trial, which she withdrew prior to the scheduled hearing on the motion in December 2020. Later, she moved to voluntarily dismiss defendants from the action.

¶ 6        On July 14, 2020, Wood filed the complaint herein, alleging defendants' actions "improperly divested" her of her ownership interest in the California property by virtue of violations of the Notary Act. Wood acknowledged she signed the deed, but Hunt notarized it without Wood's presence at a CEFCU branch in Tazewell County, Illinois, which notarization CEFCU consented to, agreed with, approved of, or encouraged.

¶ 7        Defendants filed a motion to dismiss plaintiff's complaint pursuant to section 2-619(a)(3) of the Code, permitting dismissal when "there is another action pending between the parties for the same cause" (735 ILCS 5/2-619(a)(3) (West 2020)), and subsequently, a motion seeking a transfer of venue pursuant to section 2-104 of the Code. The circuit court heard arguments on the motions on November 18, 2021, noting venue was the threshold issue. The court advised the parties it was familiar with the basic facts, including that Wood was a California resident and the issues involved the notarization of a deed in Tazewell County. Evident from the court's colloquy with the parties, the court was aware (1) there was a pending divorce proceeding in California, (2) the parties believed the ownership interests in the underlying real estate were subject to the divorce proceedings, (3) Wood executed the deed while married, (4) Wood could not identify her damages, and (5) it was likely the California court had, or would, determine the issues relating to the validity of the deed. After the parties further briefed the issues, the court granted defendants' motion to transfer venue.

¶ 8        This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10                          A. Standard of Review

¶ 11        Review of a trial court's transfer of venue is often a two-step process. Its findings of fact will stand unless they are against the manifest weight of the evidence, while its conclusions of law are subject to *de novo* review. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 154 (2005). If there is no dispute concerning the court's findings of fact, *de novo* review is utilized. *Id.* at 153.

¶ 12        Wood does not argue the circuit court based its decision on incorrect factual findings. Thus, as there is no dispute concerning the facts relied upon by the court, our review is *de novo*.

¶ 13                    B. The Transfer of Venue Was Not Error

¶ 14        In simplest terms, the Code provides for the commencement of an action in a county of this state based on the residence of defendants or where the action underlying the complaint occurred in whole or in part. 735 ILCS 5/2-101 (West 2020). As to transfer of venue, the Code speaks only of transfer to a "proper venue," without further elucidation. 735 ILCS 5/2-104(b) (West 2020). The Code also provides an order or judgment is not void if rendered in the wrong venue. 735 ILCS 5/2-104(a) (West 2020).

¶ 15        Given Wood complains of a transaction that occurred in part in Tazewell County, and CEFCU is a corporate resident of the county (735 ILCS 5/2-102(a) (West 2020)), Tazewell County could be an appropriate venue. However, when the Code's venue provisions are considered in the context of the relevant jurisprudence, there is more to the analysis.

¶ 16        As recently noted, the right to have a controversy heard in an appropriate venue "is a valuable privilege belonging to the defendant." *Tabirta v. Cummings*, 2020 IL 124798, ¶ 16. The Code's venue provisions protect this privilege by ensuring the defendant can have a matter resolved in a location convenient to witnesses or the defendant. *Id.* Thus, a defendant's choice of venue "is accorded great weight by Illinois courts." *Id.* When a trial court considers a defendant's motion asserting improper venue, it "should construe the statute liberally in favor of effecting a change of venue." *Id.* ¶ 17. To support such a motion, a defendant must identify specific facts demonstrating the plaintiff's venue choice is improper. *Id.* In short, venue considerations focus on the needs and preferences of the defendant.

¶ 17    Defendants sought transfer to the California court citing a myriad of reasons. The circuit court's order calls out three in particular: (1) to the extent Wood suffered any damage, it would have been suffered in California, (2) the real estate described in her complaint is in California, and (3) litigation, to which she was a party, was then ongoing in California. From the court's comments and colloquy at the hearing on the motion, the court was aware: (1) Wood was a resident of California, (2) the pending California litigation was a divorce proceeding, (3) Wood's interest in the underlying property was subject to the California proceeding, (4) Wood executed the interspousal transfer deed while married, and (5) the California court would address, if it had not already, the issues relating to Wood's execution of the deed and any damage suffered.

¶ 18    Thus, as defendants articulated specific and relevant facts supporting transfer of venue to the California court, which we construe liberally in favor of the change, and defendants sought the transfer, to which we accord deference, we find the circuit court committed no error based on these factors alone. In short, virtually all relevant factors suggest the California divorce court is the appropriate venue.

¶ 19    Curiously, however, we note Wood presumably believes California is a proper venue as she filed a nearly identical claim there. Further, defendants not only consented to the California venue, but they took the matter to trial, where it appears they may have prevailed. Thus, it is no wonder defendants objected to venue in Tazewell County, Illinois.

¶ 20    To this end, however, where more than one court has jurisdiction, we often prefer the court that first acquired jurisdiction adjudicate all justiciable matters, including those involving third parties. *In re Marriage of Schweihs*, 222 Ill. App. 3d 887, 890-91 (1991). *Schweihs* bears several significant similarities: (1) the divorce court had jurisdiction over the parties and their marital property and (2) such property would be distributed pursuant to Illinois's dissolution of

marriage statute, subject to those laws governing "transfers, assignments and conveyances of such property." *Id.* at 890. The appellate court noted, though several of the authorities discussed pertained to actions in different divisions of the same circuit court, the principles would apply as well to actions in courts of different counties, each having jurisdiction. *Id.* at 893. Thus, the trial court, by permitting joinder of the mortgagee of the parties such that the lender could pursue foreclosure before the divorce court, was properly "avoiding piecemeal litigation and was in a position to deal with the property in question in a manner most equitable to all parties concerned." *Id.* at 896. These considerations equally apply to the circuit court's transfer of venue to the California court. That court first acquired jurisdiction, and it would be contrary to the notions of judicial economy, and the principles of equitable resolution of all the issues, for this action to be heard in Tazewell County, Illinois.

¶ 21 Defendants also posit section 2-103(b) of the Code required the circuit court to transfer venue to California. This provides: "Any action to quiet title to real estate, or to partition or recover possession thereof or to foreclose a mortgage or other lien thereon, must be brought in the county in which the real estate or some part of it is situated." 735 ILCS 5/2-103(b) (West 2020). Though Wood's complaint may relate to the causes of action described by section 2-103(b), it seeks recourse for violations of the Notary Act. Thus, the complaint does not fall strictly within this venue provision, and we do not agree the provision mandated the court to transfer venue. However, this statutory section is not inconsistent with such transfer.

¶ 22 For all the foregoing reasons, the circuit court did not commit error by granting defendants' motion for transfer of venue.

¶ 23 C. Motion to Dismiss and *Res Judicata*

- 6 -

¶ 24 Defendants assert repeatedly the circuit court ruled on both their motion to dismiss and motion for transfer of venue. They also posit we could affirm on *res judicata* grounds given it appears the California court has already entered a judgment in a prior action between the parties based on the same cause of action.

¶ 25 We disagree the former is an appropriate characterization of the circuit court's ruling. First, the court's order explicitly grants only defendants' motion to transfer, while calling out the matter was before the court on both motions. Second, at the commencement of the argument on the motions, the court noted venue was the threshold issue. Thus, the court did not rule on or address the motion to dismiss in its order, though having heard argument on it, and in fact declined to do so given its dispositive ruling on the venue motion. Therefore, we decline to affirm on this basis. As well, we decline defendants' invitation to delve into whether the court properly dismissed Wood's complaint based on *res judicata*, as the court simply did not do so.

¶ 26                                III. CONCLUSION

¶ 27 For the foregoing reasons, we affirm the circuit court's judgment.

¶ 28 Affirmed.