DARRELL CROWLEY *et al.*, Plaintiffs-Appellants, v. GOLDEN RULE INSURANCE COMPANY, Defendant-Appellee.

Fourth District   No. 4—87—0879

Opinion filed February 18, 1988.

Robert G. Kirchner, of Greaves, Lerner & Kirchner, of Champaign, for appellants.

Douglas A. Enloe and Robert M. Hopkins, both of Gosnell, Benecki, Borden & Enloe, Ltd., of Lawrenceville, for appellee.

JUSTICE LUND delivered the opinion of the court:

On May 7, 1987, plaintiffs Darrell Crowley and Brenda Crowley filed an action in the circuit court of Champaign County against defendant Golden Rule Insurance Company, seeking payment for medical expenses under a policy issued by defendant. On May 13, 1987, defendant filed an action in the circuit court of Lawrence County, seeking to void the policy because of alleged misstatements on the policy application. On September 11, 1987, plaintiffs filed a motion, asking the circuit court of Champaign County to enjoin defendant from proceeding in the Lawrence County action. On November 18, 1987, the trial court denied the request for injunctive relief by a docket order that provided as follows:

"Ruling on Plaintiff's Motion to Enjoin heretofore taken under advisement. One of the elements required for injunctive relief is that the petitioner has no adequate remedy at law,

'[I]t is well settled principle that a party cannot seek equitable relief when he has an adequate legal remedy.' *Kaplan v. Kaplan*, 98 Il. [*sic*] App. 3d 136 at pg. 141-142.

In the instant case the plaintiff does have an adequate remedy in that he may file a Motion to Dismiss under Sec. 2—619(3) in the Lawrence County proceeding. Motion to Enjoin denied."

Plaintiffs filed an interlocutory appeal. 107 Ill. 2d R. 307.

For purposes of this appeal, we assume that the Champaign County case and the Lawrence County case involved the same parties and the same issues. In other words, there were two actions between the same parties for the same cause. A motion by plaintiffs in the Lawrence County action under the provision of section 2—619(a)(3) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3)) would be appropriate. The question before this court is whether the existence of section 2—619 of the Code preempts the use of injunctive relief.

When two or more actions are brought involving the same

parties for the same cause but in different venues, the general rule provides that the court first acquiring jurisdiction retains the jurisdiction and may dispose of the entire controversy, and no court of coordinate power is at liberty to interfere with the first court's jurisdiction. 14 Ill. L. & Prac. *Courts* §253 (1968).

Our supreme court in *People ex rel. Scott v. Jones* (1970), 44 Ill. 2d 343, 348, 255 N.E.2d 397, 399, even though being concerned with a criminal procedure, stated that the power of injunctive use in civil cases extended to judges in criminal cases:

> "In general, it can be said that a court has the power, if not the duty, to protect its prior rights to jurisdiction over a controversy in order to decree complete and final justice between the parties and that for that purpose it may issue an injunction restraining persons from proceeding in other courts. (*James v. Grand Trunk Western R.R. Co.*, 14 Ill. 2d 356, 368; 43 C.J.S. Injunctions, sections 48, 49; 4 Pomeroy Equity Jurisprudence sec. 1360 *et seq.*; 14 I.L.P. Courts, sec. 253.)" *Scott*, 44 Ill. 2d at 348, 255 N.E.2d at 399.

This position is mirrored by the general rule that courts may use their equitable powers to prevent multiplicity of suits or circuity of action by enjoining pending or threatening actions relating to the same parties and same subject matter. 43A C.J.S. *Injunctions* §45 (1978).

We recognize the principle that a party cannot obtain injunctive relief (equitable relief) when an adequate legal remedy is available (*Kaplan v. Kaplan* (1981), 98 Ill. App. 3d 136, 141-42, 423 N.E.2d 1253, 1257), but in *Kaplan*, the payment of money was requested in a motion for injunctive relief. Many of the authorities used to support the rule that "an action at law will not be enjoined where adequate relief can be obtained in the court where that action is pending, by plain, adequate, and complete remedy at law" (43A C.J.S. *Injunctions* §48, at 27 (1978)) relate back to the day of separate equity and law courts. See *Lindheimer v. Supreme Liberty Life Insurance Co.* (1931), 263 Ill. App. 524.

In the matter now under consideration, we are not dealing with a monetary problem or the niceties between equity and law courts. All of the claims and defenses can be decided in one cause of action. We are concerned with the interference with legal rights of the parties by the defendant instigating a separate court case in a different venue. In light of our statutory provisions allowing for motions to dismiss for lack of jurisdiction (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3)) or motion for change of venue (Ill. Rev. Stat. 1985, ch. 110, par. 2—104),

we find it difficult to justify the filing of a second action involving the same parties and the same issues in a different venue. We detect the aroma of legal harassment.

Consistent with *Scott*, we hold that the injunctive relief was available to the trial court regardless of the existence of section 2—619 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). This cause is remanded to the trial court for purposes of crafting injunctive relief consistent with the demands of the trial court proceeding.

Reversed and remanded.

KNECHT and SPITZ, JJ., concur.