PARK PLAZA, INC., Plaintiff-Appellant, v. LINCOLNLAND PROPER-TIES, INC., *et al.*, Defendants-Appellees.

Third District   No. 3—88—0451

Opinion filed April 3, 1989.—Rehearing denied July 12, 1989.

Larry J. Ratzel, of New Berlin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Edward R. Green, Special Assistant Attorney General, of counsel), for appellees.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The plaintiff appeals the trial court's order dismissing its complaint and cause of action with prejudice.

In March of 1967, Russell Lesperance (hereinafter Lesperance), a shareholder in several corporations owning seven apartment complexes, contacted W. Joseph Gibbs (hereinafter Gibbs) concerning the sale of these properties. Gibbs was the principal incorporator of Lincolnland Properties, Inc. (hereinafter Lincolnland), the defendant herein.

Lincolnland Properties, Inc., contracted to purchase seven apartment projects from Lesperance. Two apartment projects in question were situated in Peoria County, Illinois, and were commonly known as Golfview 42 and Golfview 24, and are the subject of this appeal. Lin-

colnland executed a $60,000 promissory note for Golfview 42 and a $30,000 note for Golfview 24 to the seller. Subsequent to the execution of these promissory notes, the corporate sellers assigned their interest in all these properties to Ginkids Investments, Inc. The plaintiff, Park Plaza, Inc. (hereinafter Park Plaza), is the successor to Ginkids Investments, Inc.

Lincolnland believed it could not operate the apartment properties without refinancing a second mortgage on several of the properties in question through Lesperance. If refinancing could not be obtained by Lesperance by March 1, 1968, some of the properties in question were to be paid by applying one-half of the net cash flow to the purchase price according to a modification agreement executed on October 5, 1967. Lesperance could not obtain a refinancing commitment and refused to acknowledge the validity of the October 5, 1967, agreement. Lincolnland commenced an action in Sangamon County, known as Lincolnland v. Butterworth, case No. 179—69, to enforce the provisions of the October 5, 1967, agreement.

The trial court upheld the validity of the agreement of October 5, 1967, and also found that Lincolnland paid the notes on several of the properties (not including Golfview 24 or Golfview 42) in accordance with the October 5, 1967, agreement. The court also ordered Lincolnland to pay the holders of the notes covering Golfview 24 and Golfview 42, which Lincolnland did and acquired title to same. The Sangamon County circuit court's decision was upheld by the Fourth District Appellate Court in *Lincolnland Properties, Inc. v. Butterworth Apartments, Inc.* (1978), 65 Ill. App. 3d 907, 382 N.E.2d 1250.

On December 3, 1984, Park Plaza filed suit in Peoria County, the subject of the present appeal. Lincolnland responded with a "Motion to Dismiss or in the Alternative, to Transfer Venue." The Sangamon County circuit court issued a permanent injunction on March 21, 1985, enjoining Park Plaza from proceeding with this action in Peoria County. The court held that all the rights and liabilities between the parties, including those pertaining to Golfview 24 and Golfview 42, as well as the contracts, notes, agreements, and payment rights pertaining thereto, have been fixed by previous decisions of the Sangamon County circuit court. The Fourth District Appellate Court dismissed the appeal of this injunction for lack of jurisdiction. Thereafter, the Sangamon County circuit court issued a final order resolving the remaining issues in this cause and held Park Plaza was the alter ego of the other plaintiffs who filed suit throughout Illinois and should be treated as the same entity. The permanent injunction remained in ef-

fect indefinitely.

This injunction barred all similar proceedings against Lincolnland within and without Illinois. The subsequent causes of action, including the Peoria County action, are barred by *res judicata* and collateral estoppel.

The circuit court of Peoria County dismissed Park Plaza's complaint because Park Plaza could not establish it was not subject to the permanent injunction of the Sangamon County circuit court. Park Plaza contends the Sangamon County circuit court's order of March 21, 1985, should not prohibit the Peoria County action from proceeding. We disagree and affirm the circuit court of Peoria County.

In each case filed against Lincolnland subsequent to the issuance of the permanent injunction, the plaintiffs, including Park Plaza, have been held to be the alter ego of Ginkids Investments, Inc., the assignee of the original owners. Park Plaza was also a party to an appeal from which a final order barred it from proceeding with a similar action. The Sangamon County circuit court found that the Peoria County action is also barred by release because Lincolnland paid Ginkids in full for the notes covering Golfview 24 and Golfview 42.

■ Park Plaza initially claims that the Sangamon County orders of March 21, 1985, and June 4, 1986, were preliminary, not permanent, injunctions. This issue was resolved by the Fourth District Appellate Court in *Princeton Offices, Inc. v. Lincolnland Properties, Inc.*, in an unpublished Rule 23 order. Reference to such orders is permissible to support contentions such as *res judicata*. (107 Ill. 2d R. 23.) That court held that a final judgment existed. All issues were finally disposed of. The duration of the order was until further order of the court. Even though every injunction is subject to modification when circumstances change, the power does not prevent an injunction from being permanent. (*Material Service Corp. v. Hollingsworth* (1953), 415 Ill. 284, 112 N.E.2d 703.) Because Park Plaza and Princeton have been held to be the same entity, Park Plaza is barred by the doctrine of collateral estoppel from asserting again in this court that the June 4, 1986, injunction was only preliminary.

■ ■ Park Plaza secondly contends the injunction issued by the Sangamon County circuit court did not constitute a final judgment on the merits. Illinois courts of equity have the power to enjoin a party from proceeding with subsequently filed actions in the courts of this and other States when necessary to restrain the maintenance of vexatious and harassing litigation. (*Block & Co. v. Storm Printing Co.* (1976), 40 Ill. App. 3d 92, 351 N.E.2d 271.) Lincolnland paid all notes and satisfied all judgments rendered prior to the Peoria County

action, including those pertaining to Golfview 24 and Golfview 42. When Park Plaza attempted to relitigate its claims regarding Golfview 24 and Golfview 42, the Sangamon County circuit court enjoined it from proceeding. Park Plaza was unsuccessful in appealing that injunction.

Collateral estoppel would have estopped Park Plaza from relitigating this matter if a full hearing on the merits had been allowed in Peoria County. Collateral estoppel is an extension of the doctrine of *res judicata* which bars relitigation of matters previously decided in an earlier cause of action. (*Kramer v. Chicago Title & Insurance Co.* (1979), 69 Ill. App. 3d 1015, 387 N.E.2d 1105.) The Sangamon County circuit court previously ruled that this cause of action was barred by the doctrines of release, *res judicata*, and collateral estoppel.

■ Park Plaza also alleges the trial court's dismissal of this action, based on the earlier injunction in *Lincolnland v. Butterworth*, deprived it of its rights of "due process" and "property" under the United States and Illinois Constitutions. Park Plaza was represented by counsel throughout these proceedings. A hearing on its motion to vacate was held and Park Plaza failed to file any responsive affidavits. Park Plaza was afforded a full opportunity to be heard. This same argument was also rejected in the case of *Princeton Offices, Inc. v. Lincolnland Properties, Inc.*, an unpublished Rule 23 order.

The Peoria County circuit court did not err in dismissing Park Plaza's complaint and cause of action with prejudice in light of the Sangamon County circuit court's permanent injunction and the other appellate decisions that have been disseminated following their full consideration and adjudication.

Based on the foregoing, the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.