No. 2--08--0342      Filed: 8-12-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re MARRIAGE OF THEODORE S. GARY III, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Petitioner-Appellee, | ) ) | |
| and | ) ) ) | Nos. 04--FA--139 05--DV--602 |
| SARAH HINDS GARY,[1] | ) ) ) | Honorable Gerald M. Zopp, Jr., |
| Respondent-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

This case grows out of efforts by the respondent, Sarah Hinds Gary, to enforce a marital separation order in Illinois against the petitioner, Theodore S. Gary III. During the course of these efforts, Theodore filed a petition for dissolution in McHenry County, in the same court conducting

_____

[1]In the child support enforcement action filed by the Illinois Department of Public Aid (the Department), the respondent was denoted as Sarah Hines-Gary in the caption. When the petitioner filed his petition for dissolution, the same spelling was used. However, we note that, in various pleadings in the record, the respondent consistently maintains that her maiden name is Hinds and that her married name is Sarah Hinds Gary, and her signature reflects this spelling. Accordingly, on appeal we have adopted the spelling asserted by the respondent rather than the spelling employed in the caption of the case as it appeared in the circuit court.

the enforcement proceedings. Sarah subsequently filed a separate child support enforcement action in Cook County. Theodore sought, and the trial court granted, a preliminary injunction restraining Sarah from (1) proceeding with the Cook County action and (2) filing any action in any other county or state on "issues which are before this Court, or could be raised before this Court." Sarah appeals the entry of this preliminary injunction. We vacate and remand.

The parties were married on March 3, 1997, in Woodstock, Illinois, and had two children. In September 2002 the parties separated. On February 24, 2004, a North Carolina court entered an order (the Order) incorporating the terms of a separation agreement reached between the parties as to custody of the children, visitation, child support, spousal support, and property distribution. According to the facts stated in the Order, at the time the Order was entered Sarah was living in North Carolina, while Theodore was living in McHenry County, Illinois. The Order provided that Sarah was to have sole legal custody of the children and that Theodore would pay $2,500 per month in child support directly to Sarah.

On July 9, 2004, in the circuit court of McHenry County, the Department registered the Order as a foreign order pursuant to section 601 of the Uniform Interstate Family Support Act (750 ILCS 22/601 (West 2004)). The application for registration contained an affidavit from an employee of the Department stating that Theodore was in arrears on his child support obligation in the amount of $5,271.78 as of March 12, 2004. On October 12, 2004, Sarah filed a petition for a rule to show cause, alleging that Theodore had failed to pay the children's school fees and a portion of her rent as provided in the Order. The trial court issued the rule to show cause on December 13, 2004, and required Theodore to appear for a hearing on January 24, 2005. On that date, the trial court entered an agreed order containing a judgment against Theodore in the amount of $14,640.16. That same

date, Theodore filed a petition to modify child support, alleging that the parties' children were now living with him and that he had been laid off from his job for medical reasons. The record contains no certificate of service or notice of motion, and it does not appear that the petition was ever presented to, or resolved by, the trial court. Sarah filed a citation to discover assets, but Theodore failed to appear on the scheduled date.

On June 27, 2005, Theodore filed, in McHenry County, a separate action for dissolution of marriage. In it, he sought joint legal custody of the children with Sarah as the residential parent and alleged that Sarah was entitled to temporary and permanent child support but not maintenance. Sarah filed an answer in which she raised the existence of the Order awarding her sole custody and the lack of any allegations supporting a modification of custody. She also sought maintenance and alleged that Theodore had attempted to hide marital assets and had dissipated marital assets. On September 12, 2005, the dissolution action was consolidated with the enforcement action. Apart from a motion to compel answers to discovery, there were no further proceedings until February 2006, when the trial court evidently held a pretrial conference with the parties. Court orders continuing the case for "pretrial conference" and status were entered over the next two years; the record does not disclose what, other than the filing of some discovery, the parties accomplished during this time. The record is also silent as to what, if any, child support Theodore was paying during this time. No motion to set temporary child support in an amount different from that in the Order appears in the record.

On June 11, 2007, almost three years after the Department registered the Order in McHenry County, Sarah registered the Order in the circuit court of Cook County, Illinois, and commenced child support enforcement proceedings in that court. On March 12, 2008, in McHenry County,

Theodore filed a motion for a temporary restraining order and for injunctive relief, seeking to enjoin Sarah from pursuing the Cook County action. Theodore alleged that Sarah had failed to provide notice of the Cook County action to the clerk of the circuit court of McHenry County, as required by section 511 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/511 (West 2006)), or to Theodore's attorney. Theodore argued that the trial court had the power to enforce its prior right to jurisdiction over matters relating to the divorce and the enforcement of the Order and to issue an order enjoining Sarah from proceeding with the Cook County action. He also alleged that he had no adequate remedy at law, as there was no action he could file to prevent having to defend himself in multiple courts, and he had been ordered to appear for a hearing to determine the child support arrearage on March 19, 2008. Theodore's attorney submitted an affidavit in connection with the motion, stating that she first learned of the Cook County action at a deposition in November 2007, when Sarah's attorney advised her that a judgment had been entered against Theodore in Cook County.

Following a hearing in McHenry County on March 14, 2008, at which attorneys for both parties were present, the trial court entered a temporary restraining order enjoining Sarah from "proceeding, or taking further action in" the Cook County action. The court found that Sarah's attorney had sought enforcement of the Order in McHenry County in 2004 and that the circuit court of McHenry County had continuing jurisdiction over both the enforcement action and the subsequently filed dissolution action with which it had been consolidated. The court further found that Sarah's commencing an enforcement action in Cook County was "inappropriate" and that a temporary restraining order was necessary to protect the court's prior and continuing jurisdiction. Sarah filed a notice of interlocutory appeal from this order, but we dismissed it as untimely.

On March 20, 2008, the trial court held a hearing on Theodore's request for a preliminary injunction. The trial court found that Sarah had failed to file a verified response to Theodore's motion and that she was therefore "in default" and no evidentiary hearing was required. Sarah asked to respond orally, and the trial court denied the request. Without conducting an evidentiary hearing, the trial court then found that it had grounds to enter a preliminary injunction based on its previous findings with respect to the temporary restraining order. The trial court entered a preliminary injunction ordering that Sarah was enjoined from proceeding with the Cook County action and "shall take no further action" in Cook County during the pendency of the McHenry County proceedings, nor take action "in any other County or State on issues which are before this Court, or could be raised before this Court." Sarah filed a timely notice of interlocutory appeal.

On appeal, Sarah raises three arguments. First, she argues that Theodore failed to demonstrate the legal elements necessary for a preliminary injunction and that the trial court erred in relying on her failure to file a response as grounds for entering the injunction. Second, she argues that the injunction is broader than permissible in that it restrains her from filing any other actions in other courts, even wholly unrelated actions, so long as the other actions could be raised in the circuit court of McHenry County. She also notes that the injunction bars her from filing actions in other states and argues that Theodore did not meet the heightened standard necessary for such injunctions. Last, she argues that the trial court erred in issuing the injunction without requiring Theodore to post a bond.

We first examine the fundamental nature of injunctions such as the one entered by the trial court and the requirements for such injunctions. It is well settled in Illinois that courts have the power to issue injunctions restraining the parties before them from filing or proceeding with related

actions in other courts, in order to prevent the maintenance of vexatious and harassing litigation. Pfaff v. Chrysler Corp., 155 Ill. 2d 35, 43 (1992); Park Plaza, Inc. v. Lincolnland Properties, Inc., 185 Ill. App. 3d 26, 29 (1989). The prosecution of a later-filed suit also may be enjoined if it appears likely to cause undue interference with the progress of the original action. In re Marriage of Elliott, 265 Ill. App. 3d 912, 914 (1994), citing National Hockey League v. Intermart, Inc., 127 Ill. App. 3d 1072, 1077 (1984). The determination of whether to grant such an injunction depends on the facts of the case and is subject to review under an abuse of discretion standard. See National Hockey League, 127 Ill. App. 3d at 1079 (applying the abuse of discretion standard); Eddy ex rel. Pfeifer v. Christian Science Board of Directors, 62 Ill. App. 3d 918, 920 (1978) (same).

What is less clear are the standards used to determine whether the entry of such an injunction is appropriate in a particular case. In general, courts have not required that parties seeking to enjoin later-filed actions demonstrate the existence of the elements typically needed for injunctive relief in other contexts, such as a clearly ascertained right in need of protection, irreparable injury if the injunction is not granted, the lack of any adequate remedy at law, and a likelihood that the movant will ultimately prevail on the merits. See Mohanty v. St. John Heart Clinic, S.C., 225 Ill. 2d 52, 62 (2006). Instead, courts have enjoined parties from filing or proceeding with actions in other Illinois courts where (a) either the parties and the legal issues involved are the same or the issues involved in the later-filed action are of the type that can and should ordinarily be disposed of in the course of the original action; and (b) there does not appear to be any proper purpose for the maintenance of the later-filed action.

For instance, in Crowley v. Golden Rule Insurance Co., 166 Ill. App. 3d 199 (1988), the plaintiffs filed an action against the defendant insurance company in Champaign County, seeking

a payment on a claim. The insurance company filed an action against the plaintiffs a week later in Lawrence County, seeking to void the policy due to alleged misstatements on the policy application. In the original action, the plaintiffs moved for an injunction preventing the insurance company from proceeding with the later-filed action. The trial court denied the motion on the ground that the plaintiffs had an adequate remedy at law, as they could file, in the second action, a motion to dismiss under section 2--619(a)(3) of the Code of Civil Procedure. See 735 ILCS 5/2--619(a)(3) (West 2006) (an action may be dismissed where "there is another action pending between the same parties for the same cause").

On review, the appellate court reversed the trial court and remanded for the entry of an injunction. The court rejected the requirement that the plaintiffs show that they lacked an adequate remedy at law in order to enjoin a later-filed action. Instead, the court based the availability of injunctive relief on courts' inherent powers:

> " 'In general, it can be said that a court has the power, if not the duty to protect its prior rights to jurisdiction over a controversy in order to decree complete and final justice between the parties and that for that purpose it may issue an injunction restraining persons from proceeding in other courts.' " Crowley, 166 Ill. App. 3d at 201, quoting People ex rel. Scott v. Jones, 44 Ill. 2d 343, 348 (1970).

The court also noted "the general rule" that, when two or more actions involving the same parties and the same issues are brought in different venues, "the court first acquiring jurisdiction retains the jurisdiction and may dispose of the entire controversy, and no court of coordinate power is at liberty to interfere with the first court's jurisdiction." Crowley, 166 Ill. App. 3d at 201. The court then held that the plaintiff's motion for an injunction should have been granted, noting that the second action

filed by the insurance company had been filed in a different venue but involved the same parties and the same legal issues, and commenting, "We detect the aroma of legal harassment." Crowley, 166 Ill. App. 3d at 202.

This court had taken the same approach in In re Marriage of Baltzer, 150 Ill. App. 3d 890 (1986), where we affirmed the trial court's injunction of a later-filed action without requiring that the parties seeking the injunction show irreparable harm, the lack of an adequate remedy at law, and the other typical elements for an injunction. In Baltzer, the trial court had entered an injunction requiring an attorney to bring his petition for dissolution-related fees in Du Page County, in the court where the dissolution proceeding was pending, and to dismiss his separate action for fees filed in Cook County. We found that the circuit court of Du Page County had already acquired jurisdiction over the issue of attorney fees relating to the dissolution and that "[i]t would serve no proper purpose to permit [the attorney] in these circumstances to prosecute a separate action in another court for the same claim to fees." Baltzer, 150 Ill. App. 3d at 895-96. We also noted that duplicative actions waste the resources of the courts and litigants:

"The evidence relating to the reasonableness of such fees is found, to a large extent, in the documents contained in the record of the dissolution proceeding[s] and, also, in the knowledge of the trial judge before whom the case was heard. If a determination of the reasonableness of a request for attorney fees were to be heard in another court and venue, as sought here, it may well require the use of the court records in the pending dissolution proceeding for consideration in the separate fee action and cause an unwarranted disruption of the judicial process. It would also appear to be an unnecessary impediment to judicial economy to require a second judge to acquire the knowledge of the proceedings in the

dissolution action already known to the judge who has heard it." Baltzer, 150 Ill. App. 3d at 896.

We based our affirmance of the trial court's order on a court's inherent power to issue an injunction to protect its prior right to jurisdiction over a controversy, citing People ex rel. Scott v. Jones, and did not require a showing of the traditional elements required for an injunction (see Mohanty, 225 Ill. 2d at 62).

Similarly, in In re Marriage of Schweihs, 222 Ill. App. 3d 887 (1991), the court upheld the entry of an order joining the mortgagee of the marital home as a third party in a dissolution case, enjoining the mortgagee from filing any foreclosure action in a separate division of the same circuit court, and requiring it to file the foreclosure in the dissolution action instead. The court held that the trial court was authorized to take these actions "in aid of its own jurisdiction so that the interests of all parties in the property may be adjudicated in one proceeding." Schweihs, 222 Ill. App. 3d at 890. The traditional elements of an injunction were not discussed as requirements for such an injunction. Instead, the court quoted with approval language from In re Marriage of Wojcicki, 135 Ill. App. 3d 248 (1985):

> " ' "[W]here two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts in Illinois having concurrent jurisdiction, the court which first acquired jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the entire controversy to the exclusion of all coordinate courts." [Citations.]' " Schweihs, 222 Ill. App. 3d at 890-91, quoting Wojcicki, 135 Ill. App. 3d at 251.

The forced consolidation of the mortgage-related action with the dissolution action did not leave the mortgagee without a forum in which to complain of any impairment of its interest. Schweihs, 222 Ill. App. 3d at 896. The court noted that enabling the original court to address all related disputes in a comprehensive manner is especially important in dissolution proceedings, which typically involve a number of interrelated issues. Schweihs, 222 Ill. App. 3d at 895-96, citing In re Marriage of Peshek, 89 Ill. App. 3d 959, 968 (1980); see also In re Marriage of Leopando, 96 Ill. 2d 114, 120 (1983); In re Marriage of Isaacs, 260 Ill. App. 3d 423, 429 (1994) ("both common sense and sound public policy dictate that matrimonial litigants should not be permitted to make a circuitous run around the divorce court in coordinate courts").

We acknowledge language in one case, In re Marriage of Elliott, 265 Ill. App. 3d at 914, that "[c]ourts use the same standards for preliminarily enjoining legal actions as for other preliminary injunctions." The only citation for this proposition is to Eppers v. First National Bank of Lake Forest, 151 Ill. App. 3d 902 (1987), a case in which the plaintiffs in a contract action sought to enjoin the commencement of a forcible detainer action against them by the defendant, on the ground that the second proceedings involved the same subject matter and depended on the outcome of the first suit. The plaintiffs argued that they should not be forced to defend against a second suit that would have no basis should they prevail in the initial action. This court held that the trial court properly granted the request for an injunction because the outcome of the second action required the resolution of the central issue in the first action. We then went on to note that the plaintiffs had also met the traditional requirements for injunctive relief. Eppers, 151 Ill. App. 3d at 909. We did not hold, however, that the traditional requirements for relief must be shown in order to support a court's injunction against later-filed actions. Nor are we aware of any case citing either Elliott or Eppers

for this proposition. Accordingly, we decline to follow Elliott's statement that a request for an injunction against later-filed actions must be supported by a demonstration of the traditional elements for injunctive relief in other contexts.

We hold that a litigant seeking to enjoin later-filed actions in other Illinois courts need not demonstrate the existence of the factors for typical injunctions set out in Mohanty and may obtain an injunction where: (a) either the parties and the legal issues involved are the same or the issues involved in the later-filed action are of the type that can and ordinarily should be disposed of in the course of the original action; and (b) there does not appear to be any proper purpose for the maintenance of the later-filed action. In this case, the parties are identical, and the issue of Theodore's child support arrearage was pending before the circuit court of McHenry County when Sarah filed the Cook County enforcement action. Nor has Sarah shown any proper purpose for initiating an action in a different court. If she was frustrated by the slow pace of the proceedings in McHenry County, she could have moved for an interim determination of the child support arrearage and the commencement of payments toward any arrearage found to exist. If she was not receiving current child support payments as required by the Order, she could have filed a petition for a rule to show cause on that issue. The record does not disclose that she took any of these actions. We are unable to ascertain from the record the reasons for the delays in resolving the case. We do not condone the delays that are reflected by the record. However, in light of the fact that Sarah does not appear to have even attempted to seek relief before the trial court here, we find that the trial court did not abuse its discretion in entering an injunction restraining Sarah from proceeding with the Cook County enforcement action.

Sarah argues that the trial court improperly based its issuance of the injunction on her failure to file a response to Theodore's motion for injunctive relief. We agree that the trial court acted precipitously in finding Sarah "in default" and refusing to conduct an evidentiary hearing. However, neither the record nor Sarah's brief on appeal reveals any challenges to the factual basis for the injunction, and thus there is no showing that an evidentiary hearing would have produced a different result. Instead, Sarah's arguments are purely legal. As we may affirm on any basis supported by the record, regardless of whether the trial court based its decision on the proper ground (Arangold Corp. v. Zehnder, 187 Ill. 2d 341, 359-60 (1999)), and there is a legal basis for the trial court's entry of the injunction, we decline to hold that its failure to hold an evidentiary hearing invalidates the injunction.

Sarah's second argument, that the injunction entered by the trial court is overbroad, has more merit. Injunctive relief must be fashioned in such a way that it will protect the legitimate interests of the plaintiff without unduly burdening the ability of the defendant to exercise her rights. Elmer Miller, Inc. v. Landis, 253 Ill. App. 3d 129, 135 (1993). In this case, Theodore has a legitimate interest in protecting himself from having to defend against multiple suits involving the same issues presented in the McHenry County dissolution proceeding, and the trial court has an interest in ensuring that it is not hampered in entering complete justice between the parties in that proceeding. However, the language of the injunction goes beyond these interests, restraining Sarah from filing suit not only on "issues which are before this Court," but also on issues that "could be raised before this Court." The circuit court of McHenry County is a court of general jurisdiction and thus has the power to entertain lawsuits on issues far removed from those currently being disputed before it as part of the dissolution proceeding. For instance, if Theodore and Sarah were to be involved in an automobile collision, the language of the injunction would permit Theodore to insist that Sarah bring

any suit arising from the collision in McHenry County. There is no basis upon which the trial court may insist that it adjudicate such unrelated controversies, and thus it abused its discretion by including such broad language in the injunction.

The injunction also restrains Sarah from instituting or proceeding with an action in the courts of other states. Sarah argues correctly that, due to concerns of comity, Illinois courts apply a heightened standard in enjoining the maintenance of related lawsuits in other states. Although an Illinois court has the authority to "restrain the prosecution of a foreign action which will result in fraud or gross wrong or oppression" (Pfaff, 155 Ill. 2d at 58), the exercise of that authority "is considered to be a matter of great delicacy, to be 'invoked with great restraint to avoid distressing conflicts and reciprocal interference with jurisdiction' " (Pfaff, 155 Ill. 2d at 43, quoting James v. Grand Trunk Western R.R. Co., 14 Ill. 2d 356, 363 (1958)). Thus, a party should not be restrained from instituting litigation in another state unless " 'a clear equity is presented requiring the interposition of the court to prevent a manifest wrong and injustice.' " Pfaff, 155 Ill. 2d at 44, quoting Royal League v. Kavanagh, 233 Ill. 175, 183 (1908); see also Halmos v. Safecard Services, Inc., 272 Ill. App. 3d 532, 534 (1995). Factors that a court may consider in determining whether this standard has been met are discussed in Pfaff and National Hockey League, 127 Ill. App. 3d at 1077-78.

In this case, Theodore's motion for injunctive relief does not allege that a potential action by Sarah in another state would result in fraud, gross wrong, or oppression. We express no opinion on whether he could plead and argue this position, but merely note that he has not yet done so. In the absence of such allegations, the trial court lacked a basis for extending the injunction to actions in other states. Thus, while we find that the trial court did not abuse its discretion in entering an

injunction in this case, we find that the injunction as it stands is overbroad. We therefore vacate the injunction and remand for the trial court to enter an injunction consistent with the principles expressed here.

Sarah's last contention is that the trial court should have required Theodore to post a bond in order to obtain the injunction. Theodore argues that Sarah waived this claim by failing to raise it in the trial court. As Sarah never requested that the trial court condition the entry of the injunction on Theodore's posting of a bond, she has waived this issue and may not raise it on appeal. In re Marriage of Wolff, 355 Ill. App. 3d 403, 414 (2005).

The preliminary injunction entered by the circuit court of McHenry County is vacated and the cause is remanded for the entry of an injunction consistent with this opinion.

Vacated; cause remanded.

O'MALLEY and JORGENSEN, JJ., concur.