2026 IL App (1st) 250978

First District
Third Division
April 22, 2026

No. 1-25-0978

| | | |
|---|---|---|
| UNITED EQUITABLE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| v. | ) | |
| | ) | No. 2022 CH 03203 |
| LAKESHA R. STEWARD and TSUJIORKA C. WALKER, | ) | |
| | ) | The Honorable |
| | ) | Neil H. Cohen, |
| Defendants | ) | Judge Presiding. |
| | ) | |
| (Tsujiorka C. Walker, | ) | |
| Defendant-Appellee). | ) | |

JUSTICE REYES delivered the judgment of the court, with opinion
Presiding Justice Martin and Justice Lampkin concurred in the judgment and opinion.

**OPINION**

¶ 1        Following a collision between defendant Lakesha R. Steward's vehicle and defendant

Tsujiorka C. Walker's motorcycle in 2015, Walker was seriously injured. After being made

aware of the accident, Steward's insurer, plaintiff United Equitable Insurance Company

(UEIC), filed a declaratory judgment action concerning its obligations under the insurance

policy. UEIC was determined to owe Steward coverage, and UEIC defended Steward in a

lawsuit filed by Walker against her, which resulted in a jury verdict of over $800,000. Steward

appealed, and we ultimately reversed due to an improper evidentiary ruling. While the appeal

before this court was pending, UEIC filed another declaratory judgment action in the circuit

court, seeking a declaration that it did not owe any coverage beyond the $25,000 limits of the insurance policy.

¶ 2          Unbeknownst to this court or to Walker, after the completion of briefing of the appeal but prior to our disposition, Steward filed for bankruptcy.[1] As this court was not informed of the bankruptcy, we issued our decision despite the existence of a bankruptcy stay. The bankruptcy court subsequently retroactively lifted the stay with respect to our decision, permitting the decision to have effect. In addition, the bankruptcy court permitted the bankruptcy trustee to assign any claims Steward had against UEIC concerning the accident, including any bad-faith claims, to Walker.

¶ 3          After the bankruptcy concluded, proceedings resumed on UEIC's declaratory judgment action. In addition, Walker filed a separate lawsuit against UEIC and several of its employees, alleging bad faith in refusing to settle the claims of Steward, its insured. In UEIC's declaratory judgment action, Walker filed a motion to dismiss the complaint, which the circuit court granted, finding (1) that the previous declaratory judgment action barred the subsequent action under the doctrine of *res judicata*, and (2) that there was no actual controversy where the parties agreed as to the limits of the insurance policy. UEIC now appeals, and for the reasons that follow, we affirm.

---

[1]We observe that, while briefing was technically completed prior to the bankruptcy filing (Steward's reply brief had been filed 16 days prior to the filing), oral argument on the appeal was held approximately two months after the filing. At oral argument, Steward's counsel failed to advise this court of the bankruptcy filing, nor was the filing brought to this court's attention in any way. It should go without saying that we deeply disapprove of counsel's failure to advise this court of the initiation of the bankruptcy proceedings, which resulted in this court expending time and judicial resources on a case that should not have been considered at the time and, at a minimum, needlessly complicated the procedural posture of this litigation.

¶ 4                                    BACKGROUND

¶ 5        On May 23, 2015, Steward struck Walker with her vehicle while he was driving a motorcycle, resulting in serious injuries to Walker. The accident gave rise to extensive litigation between the parties, leading to proceedings in at least five courts, many of which overlapped in timing and subject matter.

¶ 6                          *2016 Declaratory Judgment Action*

¶ 7        In early 2016, Walker contacted UEIC concerning payment for his injuries under Steward's insurance policy. On February 8, 2016, UEIC sent Steward a letter indicating that "[i]t is the position of [UEIC] that the above reference[d] policy is null and void from its inception due to a material misrepresentation on your policy application." Specifically, UEIC claimed that Steward had failed to disclose certain aspects of her driving record, as well as a member of her household of driving age. On February 16, 2026, UEIC sent a similar letter to Walker's counsel, "reiterat[ing]" that the policy had been rescinded and that "we will not be extending any coverage."

¶ 8        In addition, UEIC filed a declaratory judgment action in case No. 2016-CH-02721 (the 2016 declaratory action), alleging that the insurance policy had been rescinded pursuant to section 154 of the Illinois Insurance Code (215 ILCS 5/154 (West 2016)) and also alleging that Steward failed to cooperate with the investigation of the accident claim. Accordingly, UEIC requested a declaration "that this Plaintiff is not obligated to pay out any sums to Defendant, and the Policy was rescinded and held for naught; that there is no coverage, that there is no duty to defend or indemnify, and where necessary In the Alternative, and that this claim is null and void under the policy."

¶ 9        The circuit court entered summary judgment against UEIC on December 14, 2018, finding that "the court declares coverage for the reasons stated in court." In its oral ruling, the circuit court found that UEIC had failed to present any evidence that Steward's purported misrepresentations affected her risk under the insurance policy. While UEIC initially pursued an appeal of the judgment, it ultimately abandoned the appeal.

¶ 10                      *2017 Underlying Litigation*

¶ 11        In 2017, Walker filed suit against Steward in case No. 2017-L-004436, which was subsequently renumbered as case No. 2020-L-001335 (the law division case). The law division case was placed on the insurance stay calendar while UEIC and Steward litigated the 2016 declaratory action. The matter eventually proceeded to trial in March 2022, where a jury returned a verdict in favor of Walker in the amount of $827,868. Steward filed a notice of appeal on July 15, 2022, but did not file an appeal bond. As noted, this court ultimately reversed the judgment on March 22, 2023, based on our determination that the trial court had made an erroneous evidentiary ruling. See *Walker v. Steward*, 2023 IL App (1st) 221056-U.

¶ 12                *Filing of 2022 Declaratory Judgment Action*

¶ 13        Meanwhile, on April 8, 2022, UEIC filed a complaint for declaratory judgment in case No. 2022-CH-03203 (the 2022 declaratory action). UEIC alleged that its defense of Steward's case was reasonable and that it did not breach any duties to her. Consequently, UEIC alleged that it was liable only for the policy limits of $25,000 to Walker, which it had tendered. UEIC requested a declaration "as to the policy limits in this case, and that the Court declare the limit to be $25,000, that UEIC breached no duties, and that any excess is not the responsibility of UEIC."

¶ 14                                    *Bankruptcy Proceedings*

¶ 15        On December 29, 2022, after completion of briefing in her appeal from the underlying litigation, and while UEIC's 2022 declaratory action was pending, Steward sought relief under Chapter 7 of the federal Bankruptcy Code (11 U.S.C. § 701 *et seq.* (2018)) by filing a petition in bankruptcy court on December 29, 2022.[2] As noted, Steward did not inform this court of the bankruptcy filing, and the record indicates that Walker was similarly not informed of the filing. Steward was granted a discharge on September 5, 2023.[3]

¶ 16                       *Continuation of 2022 Declaratory Judgment Proceedings*

¶ 17        On January 17, 2023, Walker filed a motion to dismiss the 2022 declaratory action pursuant to sections 2-615 and 2-619(a)(4) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619(a)(4) (West 2022)). With respect to his claims pursuant to section 2-615 of the Code, Walker contended that there was no actual controversy, as UEIC was seeking to limit its liability in a potential bad faith action, which had not yet been filed. Accordingly, Walker claimed that the requested relief would amount to an advisory opinion. With respect to his section 2-619 claim, Walker contended that the question of whether UEIC owed a duty to defend or indemnify Steward had already been decided in the 2016 declaratory action and, accordingly, *res judicata* prevented relitigation of the matter.

¶ 18        On March 14, 2023, UEIC filed a motion to stay the proceedings in the 2022 declaratory action until the bankruptcy had been resolved. The motion was granted, and the matter was

---

[2]We note that the bankruptcy filings indicate that UEIC paid the compensation for Steward's bankruptcy attorney.

[3]While, as noted, our decision in the prior appeal was issued while Steward's bankruptcy proceedings were ongoing, the bankruptcy court subsequently issued a decision retroactively lifting the bankruptcy stay with respect to our decision. See *In re Steward*, 668 B.R. 203 (Bankr. N.D. Ill. 2025).

stayed for approximately a year. On November 16, 2023, however, UEIC tendered the $25,000 limit of the insurance policy to Walker as full and final satisfaction of Walker's claims. The tender does not appear to have been accepted.

¶ 19                                   *2024 Bad Faith Action*

¶ 20        Prior to the resumption of litigation in the 2022 declaratory action, the bankruptcy court entered an order permitting the bankruptcy trustee to assign to Walker " 'all of the Estate's interest in any and all actions, claims, and demands, to the greatest extent allowed by law, against [UEIC] ***, relating to the motor vehicle collision that occurred on May 23, 2015, and any related litigation, including the insurance bad faith cause of action.' "

¶ 21        Accordingly, on September 10, 2024, Walker filed a multicount lawsuit against UEIC and certain of its employees in case No. 24-L-010028 (the bad faith action), as assignee of the bankruptcy trustee, alleging that UEIC's defense of Steward in the law division case was done in bad faith in violation of UEIC's duty of good faith and fair dealing. Specifically, Walker alleged that he had offered to settle his claim against Steward in early 2016 for the policy limits of $25,000, despite the fact that his medical bills already exceeded $181,000 at the time, but UEIC rejected the offer and instead sought to rescind Steward's insurance policy. After that attempt was unsuccessful, UEIC defended Steward against Walker's lawsuit but made no attempt to settle the case at any time prior to Walker's filing suit. After Walker prevailed at trial, UEIC did not file an appeal bond on Steward's behalf with respect to her appeal from the judgment. Instead, UEIC paid for a bankruptcy attorney for Steward. Walker alleged that, as a result of UEIC's actions, Steward had been financially harmed. In addition, Walker sought punitive damages, alleging that UEIC's actions were intentional, malicious, and done with reckless disregard for the interests of its insured.

¶ 22                          *Further Developments in 2022 Declaratory Action*

¶ 23          On September 11, 2024, Walker filed a second motion to dismiss the complaint in the 2022 declaratory action, raising similar arguments as in his prior motion. Specifically, Walker contended that there was no actual controversy, as UEIC was seeking to limit its liability in the bad faith action, which had not yet been decided, so the requested relief would amount to an advisory opinion. In addition, Walker contended that the question of whether UEIC owed a duty to defend or indemnify Steward had already been decided in the 2016 declaratory action and, accordingly, *res judicata* prevented relitigation of the matter. Walker subsequently filed several additional motions to dismiss, contending that the circuit court lacked subject-matter jurisdiction to consider any proceedings against Steward due to her bankruptcy.

¶ 24          On January 16, 2025, over Walker's objection, UEIC filed a second amended complaint in the 2022 declaratory action. As with its prior complaint, UEIC requested a declaration that it was not obligated to pay out any sums in excess of the $25,000 policy limit, that there was no coverage under the policy outside the $25,000 policy limit, and that there was no duty to defend or indemnify outside the $25,000 policy limit.

¶ 25          On February 14, 2025, Walker filed a combined motion to dismiss the second amended complaint. First, Walker contended that the circuit court lacked subject-matter jurisdiction over the matter due to the bankruptcy discharge. Walker also claimed that the complaint should be dismissed pursuant to section 2-615 of the Code for failure to state a claim where there was no actual controversy. Finally, Walker contended that the complaint should be dismissed pursuant to section 2-619 of the Code based on *res judicata* and the "nonliability for past conduct doctrine," which prevented a declaratory judgment action concerning conduct that had already occurred.

¶ 26     On April 28, 2025, the circuit court entered an order granting Walker's motion to dismiss the second amended complaint. The circuit court first found that it had subject-matter jurisdiction over the matter, as the 2022 declaratory action was not an action to collect, recover, or offset any debt of Steward's. The circuit court, however, agreed with Walker that the matter was barred by *res judicata* and failed to state a cause of action where there was no actual controversy. The circuit court found that the 2016 declaratory action represented a final judgment on the merits in an action between the same parties that arose from the same group of operative facts. Since UEIC could have raised the issue of the policy limits before the circuit court in the 2016 declaratory action, the circuit court found that the second amended complaint was barred by *res judicata*. In addition, the circuit court found that there was no actual controversy, as all parties agreed that coverage under the policy was limited to $25,000. The circuit court further observed that, to the extent that UEIC was seeking a declaration that Walker could not recover any amount greater than $25,000 in the bad faith action, it could not do so, as any amount for which it may be liable based on its bad faith actions was distinct from the amount due under the policy. The circuit court noted that "[t]he issue of [UEIC's] liability for bad faith will be decided in the Bad Faith Action. This court cannot decide matters pending before another court." Consequently, the circuit court dismissed the second amended complaint with prejudice.

¶ 27     UEIC timely filed a notice of appeal, and this appeal follows.

¶ 28                             ANALYSIS

¶ 29     On appeal, UEIC contends that the circuit court erred in dismissing its second amended complaint. Walker's motion to dismiss was based on both sections 2-615 and 2-619 of the Code. A motion to dismiss under section 2-615 of the Code challenges the legal sufficiency of

the complaint by alleging defects on its face. *Young v. Bryco Arms*, 213 Ill. 2d 433, 440 (2004); *Wakulich v. Mraz*, 203 Ill. 2d 223, 228 (2003). The critical inquiry is whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted. *Wakulich*, 203 Ill. 2d at 228. In making this determination, all well-pleaded facts in the complaint and all reasonable inferences that may be drawn from those facts are taken as true. *Young*, 213 Ill. 2d at 441. In addition, we construe the allegations in the complaint in the light most favorable to the plaintiff. *Id.* We review *de novo* an order granting a section 2-615 motion to dismiss. *Id.* at 440; *Wakulich*, 203 Ill. 2d at 228. We may affirm on any basis appearing in the record, whether or not the circuit court relied on that basis or its reasoning was correct. *Ray Dancer, Inc. v. DMC Corp.*, 230 Ill. App. 3d 40, 50 (1992).

¶ 30    A motion to dismiss under section 2-619 admits the legal sufficiency of all well-pleaded facts but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect. *Janda v. United States Cellular Corp.*, 2011 IL App (1st) 103552, ¶ 83 (citing *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006)). When reviewing a motion to dismiss under section 2-619, "a court must accept as true all well-pleaded facts in plaintiffs' complaint and all inferences that can reasonably be drawn in plaintiffs' favor." *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). Additionally, a cause of action should not be dismissed under section 2-619 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 277-78 (2003). As with a section 2-615 motion, for a section 2-619 dismissal, our standard of review is *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006); *Morr-Fitz, Inc.*, 231 Ill. 2d at 488. Additionally, as with a section 2-615 dismissal, even if the circuit court dismissed on an improper ground, a reviewing court may affirm the dismissal if

the record supports a proper ground for dismissal. See *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004) (when reviewing a section 2-619 dismissal, we can affirm "on any basis present in the record"); *In re Marriage of Gary*, 384 Ill. App. 3d 979, 987 (2008) ("we may affirm on any basis supported by the record, regardless of whether the trial court based its decision on the proper ground").

¶ 31    In this case, as noted, the circuit court found dismissal appropriate under both sections 2-615 and 2-619. Thus, in order for UEIC to prevail on appeal, it must establish that the circuit court's findings under both sections were erroneous. In other words, if we agree with the circuit court's dismissal under either section, we must affirm its decision. We begin, then, with the circuit court's dismissal under section 2-615 of the Code.

¶ 32    A declaratory judgment action requires (1) a plaintiff with a legal tangible interest, (2) a defendant with an opposing interest, and (3) an actual controversy between the parties involving those interests. *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 36. In the context of a declaratory judgment action, an "actual controversy" is "a concrete dispute admitting of an immediate and definitive definition of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof." (Internal quotation marks omitted.) *Id.* This requirement "ensures that courts will not pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events." (Internal quotation marks omitted.) *Id.*

¶ 33    Here, the circuit court found that there was no actual controversy where there was no dispute as to the policy limits of Steward's insurance policy—all parties agreed that the policy limit was $25,000. In addition, the circuit court found that, to the extent that UEIC's complaint sought a declaration that Walker could not recover any amount in excess of $25,000 in the bad

faith action, such a declaration would be inappropriate where its liability in a bad faith action was distinct from its obligations under the insurance policy. We agree with both determinations.

¶ 34     First, we observe that in its brief, UEIC does not dispute the first part of the circuit court's finding—*i.e.*, that there is no controversy as to the $25,000 limit of the insurance policy. Consequently, we affirm that aspect of the circuit court's judgment.

¶ 35     UEIC, however, challenges the second part of the circuit court's section 2-615 dismissal— *i.e.*, the ability to seek a declaration that it did not breach its duties to Steward and, therefore, was not liable for any amounts in excess of the $25,000 policy limits. UEIC frames its request as a part of a coverage dispute, contending that "there was a verdict of indemnity[4] in excess of the UEIC policy limits and plaintiff seeks to declare UEIC did not breach the duty to settle and doesn't owe excess and defendant Walker seeks to declare UEIC did breach the duty to settle and does owe excess." This, however, is an inaccurate framing of the matter. There is not, and has never been, any allegation that UEIC owed excess insurance coverage under the insurance policy for Steward's claim. The bad faith action seeks to hold UEIC liable for *its own actions* in dealing with Steward's claim.

¶ 36     An insurer's conduct in representing its insured gives rise to a standalone action, separate from the question of its coverage obligations under the insurance policy. See, *e.g.*, *Cramer v. Insurance Exchange Agency*, 174 Ill. 2d 513, 524-25 (1996) (discussing duty to act in good faith in responding to settlement offers); *Delatorre v. Safeway Insurance Co.*, 2013 IL App

---

[4]We observe that there was a jury verdict in the law division case that exceeded the limits of Steward's insurance policy. There was not, however, any jury verdict in any proceeding as to the extent of UEIC's coverage obligations under the policy. Thus, characterizing the jury verdict in the law division case as a "verdict of indemnity" is imprecise.

(1st) 120852, ¶ 26 (discussing breach of duty to defend); *O'Neill v. Gallant Insurance Co.*, 329 Ill. App. 3d 1166, 1172 (2002) (discussing bad faith in refusal to settle a claim). As the duty to defend is broader than the duty to indemnify, an insurer is not discharged from its duty to defend its insured simply by virtue of payment to the policy limits. *Conway v. Country Casualty Insurance Co.*, 92 Ill. 2d 388, 394 (1982). Instead, where appropriate, an insurer may be liable for the full amount of a judgment against its policyholder, regardless of policy limits. See, *e.g.*, *Cramer*, 174 Ill. 2d at 525; *Delatorre*, 2013 IL App (1st) 120852, ¶ 33. Walker's complaint in the bad faith action seeks to hold UEIC liable for a number of alleged breaches of duty, including its duty to settle and its duty to defend.[5] These claims are independent of any question concerning the scope of the coverage owed to Steward, despite UEIC's attempts to characterize its claims as part of the broader coverage dispute.

¶ 37        In addition, to the extent that UEIC maintains that the bad faith action should not preclude its claims in the instant action where the 2022 declaratory action was filed first, UEIC fundamentally misunderstands the purpose of the declaratory judgment statute. The declaratory judgment procedure allows the parties to a dispute to learn the consequences of their actions before acting. *Beahringer v. Page*, 204 Ill. 2d 363, 372-73 (2003). As such, the declaratory judgment statute is not intended to declare nonliability for a party's past conduct. *Howlett v. Scott*, 69 Ill. 2d 135, 143 (1977). In other words, "[t]he purpose of the declaratory judgment action is to give guidance for future conduct, not to provide relief related to past conduct." *BMO Harris Bank, N.A. v. Jackson Towers Condominium Ass'n*, 2018 IL App (1st)

---

[5]We note that, while Walker labels his complaint as alleging a count for "bad faith," our supreme court has indicated that mere allegations of bad faith do not constitute a separate and independent tort action. See *Cramer*, 174 Ill. 2d at 527-28. Walker's "bad faith" count in truth encompasses a number of alleged breaches of UEIC's various duties, and it is those various duties which give rise to the cause of action.

170781, ¶ 26. By seeking a declaration that it did not breach its duties to its insured and that it therefore owes no damages for such an alleged breach however, UEIC is attempting to do just that. The circuit court was thus correct to determine that UEIC's liability for its conduct in connection with Steward's claim was not an issue for a declaratory judgment action and instead was more properly considered in the bad faith action. Accordingly, we affirm the circuit court's dismissal of the second amended complaint pursuant to section 2-615 of the Code and have no need to consider whether dismissal under section 2-619 of the Code was also appropriate.

¶ 38        As a final matter, UEIC requests that, at a minimum, we order the circuit court's dismissal to be without prejudice. UEIC's request appears to be based on its fear that a dismissal with prejudice would have preclusive effect in the continuing litigation between the parties. We observe that courts have reversed section 2-615 dismissals "with prejudice" in order to remove the "with prejudice" designation where it was possible that amendment could cure the defects of the complaint. See, *e.g.*, *Uskup v. Johnson*, 2020 IL App (1st) 200330, ¶ 36; *Norabuena v. Medtronic, Inc.*, 2017 IL App (1st) 162928, ¶ 39. Here, however, the circuit court's dismissal was based on its determination that the complaint presented no actual controversy where the claims alleged were not appropriate for declaratory judgment proceedings. This is not a defect which can be cured by amendment, and we accordingly decline UEIC's request to remove the "with prejudice" designation.

¶ 39                                CONCLUSION

¶ 40        For the reasons set forth above, the circuit court's dismissal of UEIC's second amended complaint is affirmed, where the complaint failed to state a cause of action since it did not allege an actual controversy.

¶ 41        Affirmed.

*United Equitable Insurance Co. v. Steward*, **2026 IL App (1st) 250978**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2022-CH-03203; the Hon. Neil H. Cohen, Judge, presiding. |
| **Attorneys for Appellant:** | Samuel A. Shelist, of Shelist LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Stewart D. Stoller and Steven E. Garstki, of Stoller & Garstki, of Chicago, for appellee. |