RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0255p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

FADHIL A. HUSSEIN, RAYA K. AHMED,

    *Plaintiffs-Appellees,*

    *v.*

No. 09-4054

CITY OF PERRYSBURG,

    *Defendant,*

ROUD C. KLAG, Individually and as City
Inspector, City of Perrysburg; RICK THIELEN,
Individually and as Planning, Zoning, and
Economic Development Administrator, City
of Perrysburg,

    *Defendants-Appellants.*

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 07-01715—James G. Carr, District Judge.

Argued: July 29, 2010

Decided and Filed: August 20, 2010

Before: KENNEDY, ROGERS, and KETHLEDGE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Robert H. Eddy, GALLAGHER SHARP, Toledo, Ohio, for Appellants.
Sarah K. Skow, COOPER & WALINSKI, L.P.A., Toledo, Ohio, for Appellees.
**ON BRIEF:** Robert H. Eddy, GALLAGHER SHARP, Toledo, Ohio, for Appellants.
Sarah K. Skow, Cary Rodman Cooper, COOPER & WALINSKI, L.P.A., Toledo, Ohio,
for Appellees.

—————————————

**OPINION**

—————————————

ROGERS, Circuit Judge. Dr. Fadhil Hussein and his wife, Raya Ahmed, endured a lengthy dispute with local zoning authorities after their builder failed to adhere to a number of zoning ordinances in the course of constructing the Husseins' home. In June 2006, the zoning authorities issued a "stop work" order, but as winter approached, Hussein sought to have a temporary layer of asphalt installed on top of his otherwise-gravel driveway. He alleges that the zoning authorities gave oral permission for this installation. Nevertheless, while the subcontractor was installing the asphalt layer, the city inspector arrived with two policemen and threatened to take the subcontractor to court unless the subcontractor ceased the asphalt installation and removed what asphalt had already been laid down. The Husseins allege that this action violated their substantive and procedural due process rights. Because the city inspector only threatened litigation rather than removing the asphalt, the Husseins' rights were not violated and the defendants—the city inspector and his direct superior—are entitled to qualified immunity.

Dr. Fadhil Hussein and his wife, Raya Ahmed, had the misfortune of hiring a builder who proved not capable of either competently constructing their home or of complying with local zoning ordinances in the process. Hussein and Ahmed (the Husseins) purchased an eight-acre property from Hafner & Shugarman Enterprises (Hafner) in October 2002. The Husseins retained Hafner to construct the home beginning in July 2004. The home construction was apparently flawed in nearly every respect. After a subsequent arbitration between the Husseins and Hafner, the arbitrator determined: (1) "[Hafner] performed few if any aspects of the work on the home in a craftsman like manner;" (2) "[Hafner] failed to pay all subcontractors . . . even though [Hafner] had been paid by [the Husseins];" (3) Hafner falsely signed affidavits claiming to have paid the subcontractors; and (4) "[Hafner] did not comply with the zoning and building codes of the city of Perrysburg until June 2007, a year after the home was

substantially complete." The arbitrator awarded the Husseins approximately $330,000 in damages and approximately $190,000 in attorneys' fees.

What remains of this case concerns the interactions between the Husseins and the zoning personnel of the city of Perrysburg during the approximately one-year period between the summer of 2006 and the summer of 2007, during which time the city was attempting to enforce its zoning regulations. There were three areas of contention: (1) the construction of the driveway entrance, (2) the filling of a flood plain while leveling ground for the Husseins' tennis court and pool, and (3) the installation of public sidewalks. On June 28, 2006, City Inspector—and here defendant—Roud Klag issued a stop work order to Hafner, citing zoning deficiencies in these three areas. In July, the city initially refused to issue a certificate of occupancy to the Husseins, but eventually allowed the family to move into their home in return for Hussein's promise to cooperate in addressing the three zoning deficiencies.

In the fall of 2006, the Husseins' home had only a gravel driveway. Hussein sought a way to make his driveway safer in preparation for winter, and his (new) contractor, Rick Macek, suggested putting a temporary thin layer of asphalt over the gravel. The Husseins' lawyers sought approval for this plan, and one of the attorneys, Anastasia Hanson, testified that in early October 2006, she spoke with Klag about this plan. Hanson testified that, subject to the Husseins' promise to install a code-compliant final driveway later, Klag authorized the installation of the temporary asphalt layer. Klag denies that this conversation took place, but as the defendants concede, the panel should view the facts in the light most favorable to the party asserting constitutional injury. *Scott v. Harris*, 550 U.S. 372, 377 (2007). We therefore assume that Klag granted verbal authorization to install the asphalt layer.

Macek hired Gene Baird to install the asphalt, and the work took place on Friday, November 3, 2006. In the afternoon of that day, Baird arrived and began laying asphalt on the driveway, partly on the Husseins' property and partly on the city's right of way. A neighbor of the Husseins called Rick Thielen. Thielen is the city's administrator for planning, zoning, and economic development, is Klag's direct superior, and is Klag's co-

defendant in this case. The neighbor left a voice mail message reporting the paving work and inquiring about the situation. Thielen asked Klag if any driveway work had been authorized, and when Klag responded in the negative, Thielen asked Klag to investigate the situation.

Klag went out to the Husseins' home, and he asked two police officers to accompany him. There are only two direct accounts—Klag's and Baird's—of the ensuing interaction between Klag and Baird, and they agree on the essence of the story. Baird recounted the interaction as follows:

> [Klag] told me that there was a stop work order on the job and that I had to stop work and remove the asphalt. He said if I did not remove the asphalt that I had put down that they would require me to go to court and get fined. He said that I would be under litigation. I called [Hussein] and told him that the inspector said there was no permit. And [Hussein] told me that I should do what they instructed me to do rather than become involved in litigation.

The police officers meanwhile looked at the identification documents of the contractors. After the conversation, Baird removed the asphalt he had installed.

On June 11, 2007, the Husseins filed suit against the City of Perrysburg and against Klag, Thielen, and the city administrator in their official and personal capacities. In an amended complaint, the Husseins alleged that the defendants violated the Husseins' procedural and substantive due process rights by ordering Baird to remove the temporary asphalt layer. In the first of two published opinions, the district court dismissed all of the claims against the city and the city administrator and the claims against Klag and Thielen in their official capacities. *Hussein v. City of Perrysburg*, 535 F. Supp. 2d 862, 870, 873, 875 (N.D. Ohio 2008). In the second published opinion, the district court denied the defendants' motion for summary judgment on the due process claims. *Hussein v. City of Perrysburg*, 647 F. Supp. 2d 838 (N.D. Ohio 2009).

The district court concluded that the Husseins had produced sufficient evidence to show that the Husseins had a protected property interest in the asphalt that was laid down on their driveway, that the defendants had deprived them of that interest by

ordering the asphalt removed, and that this deprivation was arbitrary and capricious and was conducted without granting the Husseins any notice or opportunity to be heard. *Id.* at 852-56. After concluding that the rights at issue were clearly established, the court denied Klag and Thielen's contention that they were entitled to qualified immunity. *Id.* at 856-57. Klag and Thielen now appeal, arguing that they are entitled to qualified immunity because their actions did not violate the Husseins' due process rights.

The defendants are entitled to qualified immunity because state officials are permitted under the Constitution to inform citizens of the officials' view that they are violating state or local law. State officials are also permitted to threaten litigation or prosecution if citizens do not agree to conform their actions to state or local law. The Husseins are correct that they cannot be deprived of a protected property interest without due process of law, and that typically, notice and an opportunity to be heard are required before depriving citizens of property interests. *Board of Regents v. Roth*, 408 U.S. 564, 570 n.7 (1972). But if a state official states his view that a citizen's actions are in violation of the law and threatens litigation, this is not a deprivation of the citizen's interest without notice and an opportunity to be heard. These actions are the provision of notice, and if the citizen does not comply with the official's demands, the threatened litigation will provide the opportunity to be heard. To demand notice before an official can inform citizens that they are in violation of the law would be to demand notice as a precondition of notice. The Constitution does not impose recursively impossible demands upon state officials who seek to enforce the law.

The Husseins' contrary arguments are not persuasive. The Husseins argue that this conclusion is not within this court's jurisdiction because it requires a re-evaluation of the factual issues of whether Klag ordered the removal of the asphalt and whether this action denied the Husseins notice and an opportunity to be heard. The Husseins are correct that, in a qualified immunity appeal, "if 'the defendant disputes the plaintiff's version of the story, the defendant must nonetheless be willing to concede the most favorable view of the facts to the plaintiff for purposes of the appeal.'" *Moldowan v. City of Warren*, 578 F.3d 351, 370 (6th Cir. 2009) (quoting *Berryman v. Rieger*, 150

F.3d 561, 563 (6th Cir. 1998)).  Similarly, a defendant "may not appeal a district court's [interlocutory order denying a claim of qualified immunity] insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995).  But our conclusion relies upon precisely the same factual basis as the district court on this point:  Baird's affidavit.  The district court concluded that Klag's threat (the factual basis) constituted a state actor depriving the Husseins of their property without due process (a legal conclusion).  Considering the same factual basis, we determine that no deprivation without due process occurred.

The defendants also did not violate the Husseins' substantive due process rights. Even if the Husseins could demonstrate that the defendants' actions in this case were arbitrary and capricious, "the interests protected by substantive due process are of course much narrower than those protected by procedural due process."  *Bell v. Ohio State Univ.*, 351 F.3d 240, 249-50 (6th Cir. 2003).  Not all arbitrary and capricious state action amounts to a violation of substantive due process; "otherwise judicial review for compliance with substantive due process would become the equivalent of a typical state or federal Administrative Procedure Act."  *Id.* at 251.  Interests protected by substantive due process "include those protected by specific constitutional guarantees, . . . freedom from government actions that shock the conscience, and certain interests that the Supreme Court has found so rooted in the traditions and conscience of our people as to be fundamental."  *Id.* at 250 (internal quotation marks omitted) (citations omitted).  The asphalt driveway incident did not implicate specific constitutional guarantees, denial of a driveway does not shock the conscience, and an asphalt driveway is not an interest so rooted in the traditions and conscience of our people as to be fundamental.  Thus, the defendants did not violate the Husseins' substantive due process rights.

For these reasons, we reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.