NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2014[*]
Decided March 18, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-3006

| | |
|---|---|
| WILLIAM H. VIEHWEG, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 12-3234 |
| | |
| CITY OF MOUNT OLIVE, et al., | Byron G. Cudmore, |
| *Defendants-Appellee*s. | *Magistrate Judge.* |

**O R D E R**

William Viehweg sued under 42 U.S.C. § 1983 the City of Mount Olive, its police chief, mayor, clerk, and one of its alderman for violating his substantive due-process rights by aggressively demanding that he demolish his garage. The defendants moved to dismiss the complaint, *see* FED. R. CIV. P. 12(b)(6), but before the district court ruled

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

on the motion, Viehweg moved for leave to amend his complaint, which the court allowed. The defendants then moved to dismiss the amended complaint, and the court dismissed Viehweg's suit with prejudice for failing to state a claim. *See id.* Because Viehweg has not alleged misconduct that shocks the conscience, we affirm the judgment.

The facts alleged in Viehweg's complaint, which we must accept as true, *see Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013), concern an unattached garage on Viehweg's property in Mount Olive, Illinois. The garage, according to Viehweg, is safe but "may be considered by some to be an eye sore." His neighbor, Alderman Marcie Shulte, dislikes the garage and, having an alleged "personal vendetta" against Viehweg, has been urging the city to remove the garage for years. As part of this effort, in May 2012 police chief Ryan Duggar pounded on Viehweg's door, told him that Shulte and Mayor John Skertich had spoken about his garage at a city council meeting, and demanded to know when he would demolish it. Duggar returned three months later and made the same demand. When Viehweg asked him what law required him to demolish the garage, Duggar replied that a Mount Olive ordinance regulates unsafe buildings. So Viehweg visited city hall to verify Duggars' claim, and the clerk, Connie Andrasko, handed him a copy of the ordinance and a notice letter falsely backdated to July 9, 2012. The notice labeled Viehweg's garage as "dangerous and/or unsafe," noted that the roof was falling in, and warned Viehweg that he had 15 days from receiving the notice to repair or demolish the garage or else face a state lawsuit for demolition.

Over the next few weeks, acting on Duggar's command, city personnel contacted Viehweg at home about his garage. First a police officer demanded to know when Viehweg would raze the garage. The officer returned the following day, pounded on the door, and served Viehweg with a copy of the July 9 notice and city code. A few weeks later another police officer pulled into Viehweg's driveway at night, flashed the car's high beams toward the garage, and shone a spotlight into his home. Finally, the city clerk, Andrasko, left a message on Viehweg's answering machine a couple days later asserting that Viehweg could not attend a city counsel meeting that night.

Viehweg sued in federal court the next month, alleging insofar as concerns this appeal that these events violated his rights under the substantive component of the due process clause. He asserts that the defendants' behavior—designed to harass, scare, and silence him into acquiescence—shocks the conscience because the defendants wielded their executive power for personal reasons at the expense of his constitutional rights.

The defendants moved to dismiss, arguing that Viehweg had not alleged a deprivation of substantive due process. The defendants reasoned that the city, mayor, and alderman had a legitimate interest in removing derelict buildings. The methods that they allegedly used to achieve their goal might be improper under state law, the defendants added, but they were not unconstitutional.

The district court (through a magistrate judge acting by consent of the parties) concluded that Viehweg had not alleged a substantive due-process violation and dismissed the case with prejudice. The court explained that the city had a valid interest in maintaining its buildings, and Viehweg had not alleged that any defendant had physically touched or tried to touch him or the garage in pursuing that interest. The defendants' demands to demolish the garage did not, therefore, shock the conscience. The court also observed that, although the date on the demolition notice had been allegedly falsified, the date was harmless because Viehweg had 15 days to act from when he received the notice and not the date it was issued. Therefore, the alleged backdating did not shock the conscience.

Viehweg moved to reconsider, presenting newly discovered facts: The city had petitioned for demolition of his garage in February 2013, *see* 65 ILCS 5/11-31-1(a), but a state court rejected the petition, finding no evidence that an inspector had examined the garage or the city council had voted it unsafe, *see* MT. OLIVE, IL., CODE §§ 25-5-1 to 25-5-7 (2004). Viehweg argued that the state court's dismissal proved that the defendants had initiated a baseless suit and thus violated substantive due process. The district court denied the postjudgment motion, concluding that, because Viehweg prevailed in the city's suit to demolish his garage, due process had been accorded rather than violated.

Viehweg limits his appeal to his substantive due-process claim. He argues that the defendants used two forms of outrageous tactics to try to vanquish property that displeased the mayor and his confederates. First, local officers intimidated Viehweg with beamed headlights and repeated, authoritative, and hollered demands that he demolish his garage. Second, they forced him to defend a baseless suit in state court.

Substantive due process "is very limited." *Tun v. Whitticker,* 398 F.3d 899, 900–02 (7th Cir. 2005). The Supreme Court cautions against expanding its scope beyond barring government interference with the fundamental rights of marriage, reproduction, child-rearing, and bodily integrity "because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992); *see also Washington v. Glucksberg,* 521 U.S. 702, 720 (1997); *Sung Park v. Ind. Univ.*

*Sch. of Dentistry*, 692 F.3d 828, 832 (7th Cir. 2012). Substantive due process also prohibits the government from irrationally denying some non-fundamental rights, *see Hayden ex. rel. A.H. v. Greensburg Cmty. Sch. Corp.*, No. 13-1757, 2014 WL 685529, at *4–5 (7th Cir. Feb. 24, 2014); *Wroblewski v. City of Washburn*, 965 F.2d 452, 457–58 (7th Cir. 1992), but Viehweg does not raise that claim now nor did he in the district court. Instead, he contends that public officials abused their power, and thereby violated substantive due process, with behavior that "shocks the conscience." *See Rochin v. California*, 342 U.S. 165, 172 (1952); *Geinosky v. City of Chicago*, 675 F.3d 743, 750 (7th Cir. 2012). Under this standard, abuse that is merely tortious or even "abhorrent" does not offend substantive due process. *Tun*, 398 F.3d at 902; *see also Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994) ("every official abuse of power, even if unreasonable, unjustified, or outrageous, does not rise to the level of a federal constitutional deprivation").

The events that Viehweg has alleged, though deeply troubling, do not meet the shock-the-conscience threshold for substantive due-process claims, and thus, the district court correctly dismissed Viehweg's claim. We first address Viehweg's argument that the defendants used extrajudicial process to urge him to demolish his garage. They barked demands and warnings, pounded on his door, shone a headlight through his window, and told him not to attend a council meeting. But they never made or threatened physical contact with him or seized his body or any of his possessions. Without actual or threatened contact with his body or property, the defendants' largely verbal harangues were not so egregious that they violated substantive due process. *Compare Rochin*, 342 U.S. at 172 (concluding that forcibly pumping out contents of suspect's stomach to obtain illicit drugs violates substantive due process) *and Belcher v. Norton*, 497 F.3d 742, 753–54 (7th Cir. 2007) (concluding that if law enforcement extorted property by threatening arrests, substantive due process is offended) *with Geinosky*, 675 F.3d at 750–51 (explaining that, although issuing 24 parking tickets constituted deliberate and unjustified official harassment, conduct did not violate substantive due process) *and Palka v. Shelton*, 623 F.3d 447, 453–54 (7th Cir. 2010) (concluding that police investigatory tactics did not shock the conscience merely because they did not conform to internal department procedures).

Viehweg also contends that, because the defendants knowingly petitioned for demolition without following the correct procedures, they violated substantive due process by forcing Viehweg to defend a frivolous lawsuit. Forcing a person to defend a pointless suit is objectionable, but Viehweg had available to him—as part of that very litigation—remedies to protect him from a vexatious suit. *See In re Marriage of Gary III*, 894 N.E.2d 809, 813 (Ill. App. Ct. 2008) (recognizing power of Illinois courts to enjoin

vexatious and harassing litigation); *see also Gay v. Chandra*, 682 F.3d 590, 596 (7th Cir. 2012) (noting district court's discretion to impose sanctions under Federal Rule of Civil Procedure 11 "for filing or maintaining claims for an improper purpose or without adequate legal or factual support"). The city's filing of a frivolous petition therefore does not offend "the concept of ordered liberty such that neither liberty nor justice would exist if [it] were sacrificed." *Washington*, 521 U.S. at 720–21 (internal citation and quotation marks omitted); *see Hussein v. City of Perrysburg*, 617 F.3d 828, 830–31 (6th Cir. 2010) (concluding that plaintiffs' substantive due-process rights were not violated when city inspector, accompanied by two police officers, threatened litigation over driveway that did not comply with zoning laws). The district court thus properly dismissed the substantive due-process claim.

Finally, Viehweg contests the district court's decision to dismiss the case with prejudice and asks us to remand with instructions to grant him leave to amend the complaint (for a second time). He asserts that the allegations in his amended complaint and postjudgment motion, together, state a claim for relief under the substantive component of the due process clause. But we have already concluded that those allegations do not shock the conscience. "Leave to amend need not be granted … if it is clear that any amendment would be futile," *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013), and Viehweg offers no new allegations that would state a claim for relief.

Accordingly, we AFFIRM the judgment of the district court.